Bernard S. Meyer, J.
Defendant seeks summary judgment dismissing the complaint. The papers establish the following facts. Plaintiff is an insurance carrier. In September, 1967 it received defendant’s application for automobile liability insurance in which the question whether applicant had ‘ ‘ been convicted of a moving traffic violation during the 39 months preceding the month in which the policy is to be effective ’ ’ was answered “ No ”. Defendant had in fact been convicted on September 25, 1964, November 24, 1964, May 25, 1965 and June 18, 1965, of moving violations, but plaintiff’s investigation prior to issuance of the policy failed to disclose them and a policy with $300,000 and $500,000 limits was issued.
On January 14, 1968 while defendant was operating his car it skidded into a traffic control box and pole, killing a passenger. On February 8, 1968, defendant was served with summons and complaint in a wrongful death action and delivered them to *24 plaintiff. As part of its investigation plaintiff again requested a violations record and, before it served an answer on behalf of defendant, received a printout dated February 2, 1968 revealing the violations. Thereafter it conducted examinations before trial in ,the wrongful death action and, after a special preference was granted in that action, .settled it for $175,000 during trial. Plaintiff’s papers state and defendant does not deny that the settlement was without prejudice to plaintiff’s right to continue the instant action against defendant, its insured.
The instant action was begun February 14, 1969, before the wrongful death .action was settled but over a year after plaintiff became aware of the violations. In undertaking defense of the wrongful death action, plaintiff did not reserve its rights nor has it ever given notice of disclaimer. And though it gave notice of nonrenewal at the end of the term, it never .sought to cancel the policy as permitted by paragraph 17 of its Conditions' when ‘ ‘ the insurance was obtained through fraudulent misrepresentation ’ ’.
The first cause of action in the instant action pleads that defendant supplied to it a false driver’s license number and falsely denied the four traffic violations, that .the compulsory insurance law has eliminated its right to rescind the policy, but only to the extent of the statutory $10,000 and $20,000 mínimums, and asks reformation of the policy to those mínimums. The second cause of action, added by amendment after settlement of the wrongful death action, seeks damages rather than reformation. Defendant’s answer pleads 10 affirmative defenses. On this motion for summary judgment, he relies essentially on failure to comply with subdivision 8 of section 167 of the Insurance Law, waiver and estoppel. The motion is granted and the complaint is dismissed.
Subdivision 8 of section 167 of the Insurance Law requires that ‘ ‘ If under a liability policy * '* * an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the insured person or any other claimant ”. Allstate Ins. Co. v. Gross (27 N Y 2d 263) construing that provision holds that declaratory judgment is not an alternative to disclaimer, that the statute provides a time limit as an absolute rule without regard to prejudice to the insured or the injured party, and that a delay of seven months is unreasonable as a matter of law, even though the insurer during those seven months has been *25 acting under a reservation letter. Clearly, therefore, plaintiff’s failure to disclaim bars the first cause of action, umess it can be said that in seeking reformation it does not ‘ ‘ disclaim liability or deny coverage.”
Viewed in the context of the policy and of the Financial Securtiy Act (Vehicle and Traffic Law, art. 6), that cannot be said. While “ Coverage ” as used in the policy refers to the nature of the risk insured against and is distinct from the “Limits of Liability”, the extent of an insurer’s liability is a function of both. Since plaintiff does not deny bodily injury liability, it can properly argue that it has not denied coverage, but in disclaiming any obligation to pay more than $10,000 it is in a very real sense ($290,000 worth) disclaiming liability (Uline v. MVAIC, 28 Misc 2d 1002; see Matter of Rivera [MVAIC], 22 A D 2d 201). Put another way, the statute does not require the disclaimer of all liability; an insurer which disclaims any part of the liability for which it contracted comes within the statute and must give the required notice. The reason, of course, is that the insured may elect to employ other counsel or take other action toward disposition of the claim if promptly advised of the lesser coverage, and is deprived of his opportunity to do so if there is no disclaimer.
An even stronger reason for the conclusion reached is that plaintiff seeks reformation only because, as is pleaded in its complaint, under section 313 of the Vehicle and Traffic Law and the decision in Teeter v. Allstate Ins. Co. (9 A D 2d 176, affd. 9 N Y 2d 655) it cannot obtain rescission ab initio for fraud. That is so, the Teeter case held, because the Legislature intended by the termination provisions of section 313 to protect the public and the insured by permitting only prospective termination. Though Teeter does not preclude reformation to reduce the policy to minimum limits (see Liberty Mut. Ins. Co. v. Murer, 28 A D 2d 263; cf. Vehicle and Traffic Law, § 345, subd. [i], par. [1]), it would be anomalous in the extreme to hold that because section 313 prohibits the insurer from asking for complete rescission it is not, in seeking reduction of the limits of its liability, disclaiming liability under subdivision 8 of section 167 of the Insurance Law. So to hold would be to permit two statutes, both enacted to protect the public and the insured, to cancel each other out for the benefit of the insurer.
The failure to disclaim should bar the action for reimbursement as well, for subdivision 8 of section 167 of the Insurance Law does not distinguish between disclaimers for fraud and other disclaimers. There is, moreover, additional reason for *26 granting summary judgment on the second cause of action. From plaintiff’s retention of control of the defense of the wrongful death action without offering defendant the opportunity to join in the defense, prejudice is presumed (O’Dowd v. American Sur. Co. of N. Y., 3 N Y 2d 347; Moore Constr. Co. v. United States Fid. & Guar. Co., 293 N. Y. 119; Ashland Window & House Cleaning Co. v. Metropolitan Cas. Ins. Co., 269 App. Div. 31). Since plaintiff did so with full knowledge of the claimed fraud upon it, it has estopped itself from asserting the fraud, either as a defense or affirmatively as the predicate for an action for damages for the fraud (cf. Gerka v. Fidelity & Cas. Co., of N. Y., 251 K Y. 51; Ann. 38 ALR 2d 1148).