■ RELIANCE INSURANCE COMPANIES, Appellant, v. JAMES C. DALY, Respondent.— In an action to reform an automobile liability insurance policy and to recover damages for fraud, plaintiff appeals from an order of the Supreme Court, Nassau County, dated April 30, 1971, which granted defendant's motion for summary judgment dismissing the amended complaint. Order modified, on the law, by striking therefrom the words "and the complaint is dismissed", which follow the provision that the "motion is granted", and by inserting immediately after said word "granted" the following: "only as to the first cause of action and denied as to the second cause of action." As so modified, order affirmed, without costs. In October of 1967 plaintiff issued to

defendant an automobile insurance policy which covered liability in the amount of $300,000 for any one person injured or killed due to his negligence and $500,000 for any group of persons so injured or killed. In filling out his application for the policy, defendant stated he had had no traffic violations for the 39-month period prior to the effective date of the policy. In fact, defendant had had four such violations, but a search by plaintiff of defendant's driving record did not uncover this fact. There is a controversy between the parties as to whether defendant supplied a false driver's license number, thereby frustrating the search of his record. On January 14, 1968, while driving his car, defendant was involved in a one-car accident, as a result of which a passenger sustained injuries causing his death. On February 8, 1968 defendant was served with a summons and complaint in a wrongful death action, which papers he turned over to plaintiff. Plaintiff proceeded to actively defend that action without any reservation of rights or other notice to defendant, even though it had obtained a true copy of his driving record on February 8, 1968. On February 14, 1969, more than a year after it had received a copy of defendant's driving record, plaintiff served defendant with the summons and the original complaint in the within action, which complaint sought reformation of the contract of insurance so as to reduce the coverage to the statutory minimum amounts, i.e., $10,000 and $20,000. A stay of this action was obtained. The wrongful death action was settled during trial for $175,000. Plaintiff then served an amended complaint in the present action, which contained a second cause of action to recover $200,000 for damages sustained because of defendant's alleged fraudulent misrepresentations. In our opinion, it was error to dismiss the second cause of action. Special Term correctly held that the applicable statutes and case law precluded a disclaimer or rescission by plaintiff (Insurance Law, § 167, subd. 8; Vehicle and Traffic Law, § 313; *Allstate Ins. Co.* v. *Gross,* 27 N Y 2d 263; *Teeter* v. *Allstate Ins. Co.,* 9 A D 2d 176, affd. 9 N Y 2d 655). However, nothing in the applicable law precludes a suit for damages after the insurer's responsibilities to a third party have been satisfied. The statutory scheme preventing rescission *ab initio* is a recognition that there is a public interest in the insurance policy which may exceed the interest of the parties to the contract (*Aetna Cas. & Sur. Co.* v. *O'Connor,* 8 N Y 2d 359). That public interest is unaffected by a suit for damages which in no way impinges upon the injured party's recovery. Furthermore, although an insurer will be estopped from asserting a claim based on noncoverage of the insurance policy, where it has defended a suit against its insured with full knowledge of the facts giving rise to its claim of noncoverage and without reservation of its rights or other timely notice to the insured (*O'Dowd* v. *American Sur. Co. of N. Y.,* 3 N Y 2d 347, 355), the insurer's cause of action is for damages arising from the insured's fraud and is not based on noncoverage. As stated above, plaintiff had no cause of action based on noncoverage. Although plaintiff's conduct may be indicative of its intent to waive its right to sue for damages based on the alleged fraud, this is a question of intent that cannot be decided on a motion for summary judgment. Rabin, P. J., Hopkins, Christ, Brennan and Benjamin, JJ., concur. [67 Misc 2d 23.]