opinion of the court
WlLMER J. PATPOW, J.
This is an action by plaintiff insured to recover the value of his specially built show car where the premiums paid on his $25,000 insurance policy were consistent with the value of an ordinary automobile of the same year and model.
Sometime prior to September, 1976 plaintiff approached defendant Allen E. Gaesser, a licensed insurance broker, and requested that defendant Gaesser procure a fire and theft insurance policy to protect his specially built 1971 Chevrolet Chevelle Malibu show car. Defendant Gaesser, after unsuccessful attempts to secure such coverage elsewhere, prepared and submitted an application to the New *1080 York Automobile Insurance Plan (the assigned risk pool), which in turn assigned the risk to the defendant Allstate Insurance Company.
Upon receipt of the application defendant Allstate Insurance Company, without further inquiry or investigation, issued a policy of insurance effective September 14,1976 to September 14,1977 at a premium rate which corresponded to the rate for an ordinary 1971 Chevrolet Chevelle Malibu automobile.
In June, 1977 defendant Allstate caused an inspection to be made of plaintiff’s 1971 Chevelle automobile. Notwithstanding this inspection, defendant Allstate renewed plaintiff’s policy effective September 14, 1977 to September 14, 1978.
On August 25, 1978 plaintiff’s show car was stolen, and it has never been recovered.
Subsequent to the loss plaintiff filed a claim with defendant Allstate for the full value of the show car, but Allstate refused to pay any sum beyond the fair market value of an ordinary 1971 Chevelle automobile which it claims is the only type of automobile covered by the policy.
The value of plaintiff’s stolen car is stipulated to be $18,500.
Plaintiff now sues defendant Allstate Insurance Company on the insurance policy and states a separate cause of action against defendant Allen E. Gaesser on the grounds that defendant Gaesser negligently prepared the insurance application.
Defendants Allstate and Gaesser each cross-claim against the other for contribution and/or indemnity.
Upon completion of a nonjury trial in this matter, it being uncontradicted that plaintiff had fully informed his broker of the nature of his automobile and, further, had complied in all respects with his obligations under the insurance policy as issued, this court directed a verdict in favor of plaintiff. However, the court reserved decision upon the issue of the proper allocation, if any, of damages between the defendants.
Plaintiff is hereby granted judgment in the amount of $18,500 on its contractual cause of action against defen *1081 dant Allstate Insurance Co. Plaintiff’s negligence cause of action against defendant Allen E. Gaesser is hereby dismissed, as is defendant Gaesser’s cross claim against defendant Allstate.
Turning to a consideration of defendant Allstate’s cross claim against defendant Gaessjer, it is established under the common law that the agent or broker who acts as a salesperson has a duty to supply correct information to the insurer and to make full disclosure of the nature of the risk whether or not he is an agent of the insurer (see 1 Harnett, Responsibilities of Insurance Agents and Brokers, § 4.03, subd [1]; §4.08). A breach of this common-law duty is actionable where the insurer relied upon the erroneous information supplied and where the misconduct was the proximate cause of the insurer’s injury (id., §4.10).
In the case at bar, the facts clearly indicate that defendant Gaesser was an agent of the plaintiff insured rather than of the defendant Allstate Insurance Company. More significantly, as a matter of law the defendant Gaesser cannot be said to be an agent of the defendant Allstate because “[t]he policy was obtained through the assigned risk which makes acceptance of the risk a matter of duty enforced by law rather than of voluntary relationship with the broker (see, Insurance Law, § 63; Aetna Cas. & Sur. Co. v. O’Connor, 8 NY2d 359)” (Gabriel v Attigliato, 60 Misc 2d 536, 538).
The legal duty imposed upon an insurer to accept a risk assigned to it under the plan affects the common-law relationship between the broker and the insurer in significant w;ays. For instance, it cannot be said that the insurer issued any such policy in reliance upon the broker because in fact the insurer issued the policy pursuant to a duty under law. Furthermore, it cannot be said that the insurer would not have accepted the risk had it known its true nature because the insurer is constrained by the plan to accept its share of the assigned risks, all of which are presumably poor. Thus, when it comes to a consideration of damages, since the insurer in any event would have issued the policy, it cannot be said that the insurer’s loss under the policy was proximately caused by any negligence on the part of the broker or agent, and the damages, if any, *1082 would be limited to the difference between the actual premiums and the premiums which should have been paid (see Home Mut. Ins. Co. v Broadway Bank & Trust Co., 76 AD2d 24, 28-29, mot for lv to app granted 51 NY2d 707).
In view of the above, the court agrees with the position asserted by defendant Gaesser that the compulsory statutory framework set forth in the New York State Automobile Insurance Plan abrogates the common-law rights and duties ordinarily associated with the insurance contract. As the Court of Appeals has explicitly stated: “The very range of the subjects included [in the assigned risk plan] reflects a design to supply an exclusive and comprehensive scheme of regulation of the contractual relationship concerned” (Aetna Cas. & Sur. Co. v O’Connor, 8 NY2d 359, 363, supra).
The court also accepts the assertion of defendant Gaesser that the New York State Automobile Insurance Plan imposes upon the insurer the obligation to promptly investigate the risk (see Aetna Cas. & Sur. Co. v O’Connor, 8 NY2d 359, 364, supra). The court views the insurer’s responsibility to investigate as a primary and crucial element of the plan inasmuch as it protects the insurance company in lieu of the abrogated common law.
On the basis of all of the foregoing, the court concludes that the New York State Automobile Insurance Plan abrogated whatever duty defendant Gaesser, as agent to the insured, might have had towards defendant Allstate Insurance Company, and that, in lieu of the common law, the plan placed squarely upon the defendant insurance company the duty to investigate the risk promptly and thoroughly.
Therefore, the court concludes that there is no liability on the part of the broker Gaesser to defendant Allstate inasmuch as defendant Gaesser had no duty to Allstate under the New York State Automobile Insurance Plan.
Additionally, the court concludes that any loss suffered by defendant Allstate Insurance Company was due solely to its own failure to perform its responsibilities under the plan, specifically its failure to investigate the risk *1083 promptly and, when it finally did investigate, its failure to conduct such investigation in a manner free from negligence.
There is nothing in Reliance Ins. Cos. v Daly (38 AD2d 715) , cited by defendant Allstate, which mandates a contrary result.
In Reliance Ins. Cos. v Daly (supra) plaintiff insurer set forth two causes of action against its insured for fraud. The first cause of action, for reformation of the policy to reduce the coverage to statutory mínimums, was dismissed, and the dismissal affirmed. The second cause of action, for damages sustained by reason of the alleged fraudulent misrepresentations of the insured, was reinstated by the Appellate Division, Second Department, which stated (p 716) that “nothing in the applicable law [referring to Aetna Cas. & Sur. Co. v O’Connor] precludes a suit for damages after the insurer’s responsibilities to a third party have been satisfied”.
Even if this court were to interpret Reliance Ins. Cos. v Daly as reinstating the common-law rights and duties associated with the insurance contract, defendant Allstate still would not prevail on its cross claim against defendant Gaesser. On the facts of this case, defendant Allstate Insurance Company certainly cannot claim it relied upon defendant Gaesser’s application form after defendant Allstate itself initially failed to investigate the risk and, when it or its agents actually did conduct an investigation, did so in a negligent manner. Defendant Allstate’s intervening acts of negligence were the proximate cause of its loss.
Based upon all of the foregoing, the cross claim of defendant Allstate Insurance Company against defendant Allen E. Gaesser is hereby dismissed.