■ POWER AUTHORITY OF THE STATE OF NEW YORK, Appellant, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH et al., Respondents. [762 NYS2d 586] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered April 29, 2002, which denied plaintiff Power Authority's motion for summary judgment on its first cause of action seeking, inter alia, a declaration that defendant-respondent National Union Fire Insurance Company of Pittsburgh is obligated to provide the Power Authority with a defense in an underlying negligence action, and granted the cross motion of National Union and co-defendant GAB Robins of North America (GAB) for summary judgment dismissing the complaint, unanimously modified, on the law, to declare in defendants' favor that National Union is not obligated to pay under the subject policy of insurance because the loss does not exceed the insured's self-retention under the policy, and otherwise affirmed, without costs.

The Power Authority was an additional insured on a policy issued by National Union, pursuant to an endorsement which referenced an agreement between the Power Authority and one of its contractors, Burns & Roe Enterprises. The policy provided for a $250,000 self-insured retention. When one of Burns & Roe's employees was injured, the Power Authority demanded coverage from National Union, but it declined on the ground that the agreement between the Authority and Burns & Roe only required coverage for actions arising out of Burns & Roe's operations. National Union claimed that the plaintiff in the

underlying action was injured while performing work under the supervision of the Authority, and, hence, coverage was not implicated. Eventually, the Power Authority settled the claim for approximately $200,000, inclusive of legal fees. When it demanded indemnification from National Union, the insurer disclaimed on the ground that there was a $250,000 self-insured retention.

The Authority argues that the self-insured retention issue was not raised previously and hence cannot constitute a ground for declining coverage. A reading of the policy makes clear that the self-insured retention was contained in an endorsement, and that the retention applied to all coverage, including that afforded the additional insured (*cf. American Ref-Fuel Co. of Hempstead v Resource Recycling,* 248 AD2d 420, 424 [1998]). Thus, the time requirements for disclaiming coverage under Insurance Law § 3420 (d) are inapplicable; since the retention amount does not implicate exclusions in the policy (*see Berger v Public Serv. Mut. Ins. Co.,* 177 AD2d 280 [1991]). Nothing in the record supports the Authority's veiled suggestion that it did not receive a copy of the policy.

Nor do we find any prejudice to the Authority by reason of the circumstance that the initial disclaimer was based upon coverage grounds. The disclaimer placed the Authority on sufficient notice to enable it to timely pursue any claim it had against Burns & Roe for failure to procure appropriate insurance. Furthermore, the language of the additional endorsement clearly referred to the agreement between the Authority and Burns & Roe for purposes of establishing the conduct for which coverage would be provided by National Union to an additional insured.

We modify only to declare in defendants' favor (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Concur—Nardelli, J.P., Tom, Andrias, Sullivan and Friedman, JJ.