Order and judgment (one paper), Supreme Court, New York County (Edward H. Lehner, J.), entered January 29, 2008, which denied plaintiffs’ motion for summary judgment and granted defendant Arch Insurance Company’s cross motion for summary judgment to the extent of declaring that plaintiff Zurich American Insurance Company’s policy is primary to Arch’s insurance policy, that Arch’s policy is excess to Zurich’s policy, that Arch is not obligated to defend Pav-Lak in the underlying personal injury action, and that the $1 million deductible in the Arch policy applies to the underlying action, unanimously modified, on the law, to declare that the Arch policy is primary to the Zurich policy, that the Zurich policy is excess to the Arch policy, and that Arch is obligated to defend and indemnify Pav-Lak in the underlying action, and otherwise affirmed, without costs.
The additional insured coverage endorsement of Arch’s policy extends coverage to injuries sustained by the sub-subcontractor’s employee, because those injuries arose out of the operations or work of the subcontractor (see Tishman Constr. Corp. of N.Y. v CNA Ins. Co., 236 AD2d 211 [1997]; Consolidated Edison Co. of N.Y. v Hartford Ins. Co., 203 AD2d 83, 83-84 [1994]). Thus, Arch was required to disclaim coverage. Arch’s disclaimer letter dated May 12, 2005 was effective as against Pav-Lak because Pav-Lak received a copy of it (see Schlott v Transcontinental Ins. Co., Inc., 41 AD3d 339 [2007], Iv denied 9 NY3d 817 [2008]), and, further, the grounds of disclaimer were stated with sufficient specificity (see Realm Natl. Ins. Co. v Hermitage Ins. Co., 8 AD3d 110 [2004]). However, Arch’s 45-day delay in disclaiming coverage was un *288 reasonable as a matter of law. There was no need for an investigation, because the basis for the disclaimer was readily apparent from Zurich’s tender letter, which Arch received on March 28, 2005 (see West 16th St. Tenants Corp. v Public Serv. Mut. Ins. Co., 290 AD2d 278 [2002], lv denied 98 NY2d 605 [2002]; McGinley v Odyssey Re [London], 15 AD3d 218 [2005]).
By failing to give Pav-Lak timely notice of its disclaimer, Arch waived its reliance on the Ranger Steel exclusion as a basis for disclaiming coverage (see Markevics v Liberty Mut. Ins. Co., 97 NY2d 646, 648-649 [2001]). In any event, however, resolving the ambiguity of the language of the exclusion against Arch, the exclusion does not apply to Pav-Lak (see Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 383 [2003]).
Arch did not waive the $1 million deductible in its policy, because the deductible endorsement does not bar coverage or implicate policy exclusions and therefore is not subject to the time requirements for disclaiming coverage under Insurance Law § 3420 (d) (see Power Auth. of State of N.Y. v National Union Fire Ins. Co. of Pittsburgh, 306 AD2d 139 [2003]). Nor is the endorsement a warranty under Insurance Law § 3106 (a), since it contains no condition precedent to coverage.
In its contract with Pav-Lak, defendant B & J Welding & Iron Works agreed to name Pav-Lak as an additional insured on a primary basis and agreed that Pav-Lak’s own general liability insurance would be excess only and noncontributory to B & J’s policy. In accordance with that contract, B & J obtained the Arch policy, which contained an additional insured endorsement providing coverage to any entity that B & J was contractually required to insure for liability arising out of B & J’s work or operations. This additional insured endorsement unambiguously applied to Pav-Lak (see e.g. Tishman Constr. Corp. of N.Y. v American Mfrs. Mut. Ins. Co., 303 AD2d 323, 324 [2003]). Pav-Lak’s commercial general liability policy, the Zurich policy, provided that its coverage would be excess over “[a]ny other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.” Thus, the Zurich policy is excess to the Arch policy (see id.). Concur—Lippman, RJ., Sweeny, Catterson, Acosta and Renwick, JJ.