Order and judgment (one paper), Supreme Court, New York County (Saliann Scarpulla, J.), entered January 30, 2012, which, to the extent appealed from, denied plaintiffs’ motion for summary judgment declaring that defendant Capitol Specialty Insurance, Ltd. must make $1,000,000 in primary coverage available to plaintiffs, granted defendants’ cross motion for summary judgment declaring that the maximum coverage available to plaintiffs through defendant Capitol was limited to $50,000, granted plaintiffs’ motion for summary judgment declaring that defendant Redland Insurance Ltd. must make the entire limits of its excess policy in the amount of $4,000,000 available to plaintiffs, and denied defendants’ cross motion for summary judgment declaring that no coverage was available under the Redland excess policy, unanimously affirmed, without costs.
In this declaratory judgment action, which arose out of an underlying personal injury action in which plaintiffs alleged that they were assaulted while patrons at a Manhattan nightclub, the $50,000 sublimit applicable to assault and battery coverage in the primary policy applied to all the coverage that *639 was available under the policy, and plaintiffs were not entitled to a disclaimer of coverage pursuant to Insurance Law § 3420 (d) (2) (see Power Auth. of State of N.Y. v National Union Fire Ins. Co. of Pittsburgh, 306 AD2d 139, 140 [2003]; cf. Reliance Ins. Co. v Daly, 67 Misc 2d 23 [1971], mod on other grounds 38 AD2d 715 [1972]).
Although the injured plaintiffs, strangers to the insurance policy, may only bring a direct action against the alleged tortfeasor’s insurance company for a determination of coverage issues after a judgment had been secured against the tortfeasor (Insurance Law § 3420 [b] [1]; Lang v Hanover Ins. Co., 3 NY3d 350, 354 [2004]), the parties had the right to stipulate that plaintiffs could commence a declaratory judgment action for a determination of the scope of coverage (see 1420 Concourse Corp. v Cruz, 135 AD2d 371, 372 [1987], appeal dismissed 73 NY2d 868 [1989]). Although the stipulation explicitly referenced a declaratory judgment action only with respect to the primary policy, plaintiffs’ complaint clearly referenced claims against both the primary and excess policies, and defendants thus waived any objection to a determination of coverage rights under both policies (see CPLR 3211 [a] [3]; [e]; Lance Intl., Inc. v First Natl. City Bank, 86 AD3d 479, 479 [2011], appeal dismissed 17 NY3d 922 [2011]). The record also establishes that plaintiffs were not aware of a dispute with respect to the excess policy at the time they entered into the stipulation.
Finally, while the primary policy afforded coverage for assault and battery and related negligence claims up to a sublimit of $50,000, the excess policy, which provided coverage in “like manner” to the primary policy, was silent as to this sublimit and therefore ambiguous. Defendants’ representative testified that there was no endorsement applicable to the excess policy that excluded or limited the available coverage for bodily injury resulting from an assault and battery, and his subsequent contradictory affidavit was insufficient to resolve any ambiguity in favor of the insurer (see Garber v Stevens, 94 AD3d 426, 426 [2012]; Kenavan v Empire Blue Cross & Blue Shield, 248 AD2d 42, 47 [1998]).
Even if the excess policy was not ambiguous, plaintiffs have demonstrated “detrimental reliance, a necessary element of equitable estoppel” (Fisk Bldg. Assoc. LLC v Shimazaki II, Inc., 76 AD3d 468, 469 [2010]). Had plaintiffs learned that defendants took a position of no coverage with respect to the excess policy on a timely basis, they would have had the option of trying to settle their claims within the $50,000 sublimit, instead of learning that the sublimit had substantially eroded by the time *640 they appeared for trial. Concur — Gonzalez, P.J., Tom, Andrias, Acosta and Freedman, JJ.