McGuckin v Privilege Underwriters Reciprocal Exch. (2019 NY Slip Op 05654)





McGuckin v Privilege Underwriters Reciprocal Exch.


2019 NY Slip Op 05654


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2016-12814
 (Index No. 603918/16)

[*1]Matthew McGuckin, appellant, 
v
Privilege Underwriters Reciprocal Exchange, respondent.


Cannon & Acosta, LLP, Huntington Station, NY (June Redeker and Patrick Cannon of counsel), for appellant.
Hurwitz & Fine, P.C., Buffalo, NY (Dan D. Kohane and Jennifer J. Phillips of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that a purported reformation of a particular insurance policy was invalid and unenforceable, that the defendant is bound by the full bodily injury coverage limits stated in the original policy, and that the defendant is obligated to satisfy the full amount of a judgment the plaintiff obtained against the defendant's insured, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated November 14, 2016. The order denied the plaintiff's motion for summary judgment on the complaint and granted the defendant's cross motion for summary judgment declaring that the purported reformation of the subject policy was valid and enforceable, that it is not bound by the full bodily injury coverage limits stated in the original policy, and that it has no obligation to satisfy the judgment the plaintiff obtained against the defendant's insured, and otherwise dismissing the complaint.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the defendant's cross motion which were for summary judgment declaring that the purported reformation of the subject policy was valid and enforceable, that it is not bound by the full bodily injury coverage limits stated in the original policy, and that it has no obligation to satisfy the judgment the plaintiff obtained against the defendant's insured, and substituting therefor provisions denying those branches of the defendant's cross motion, (2) by deleting the provisions thereof denying those branches of the plaintiff's motion which were for summary judgment declaring that the purported reformation of the subject policy was invalid and unenforceable and that the defendant is bound by the full bodily injury coverage limits stated in the original policy, and substituting therefor provisions granting those branches of the motion, and (3) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment declaring that the defendant is obligated to satisfy the full amount of the judgment the plaintiff obtained against the defendant's insured, and substituting therefore a provision granting that branch of the plaintiff's motion to the extent of declaring that the defendant is obligated to satisfy the first $250,000 of the judgment, and otherwise denying that branch of the plaintiff's motion; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment.
In December 2011, the plaintiff allegedly was injured when a vehicle in which he was a passenger was involved in a collision. At the time of the collision, the vehicle was driven by nonparty Douglas Giambrone and owned by nonparty Carol Giambrone (hereinafter together the Giambrones), and was insured by the defendant under a liability policy providing for bodily injury coverage up to $250,000 per person/$500,000 per occurrence. In May 2012, the plaintiff commenced an action against the Giambrones to recover damages for personal injuries he sustained in the accident. In August 2012, the defendant entered into an agreement with the Giambrones to reform the policy to reduce the bodily injury coverage to a single $80,000 limit. Thereafter, the Giambrones notified the plaintiff that the coverage limit applicable to the accident was $80,000. The plaintiff subsequently obtained a judgment against the Giambrones in the amount of $300,000 in the underlying personal injury action.
The plaintiff then commenced the instant action, inter alia, for a judgment declaring that the purported reformation of the subject insurance policy was invalid and unenforceable, that the defendant is bound by the full bodily injury coverage limits stated in the original policy, and that the defendant is obligated to satisfy the full amount of the judgment the plaintiff obtained in the personal injury action. The plaintiff also interposed a cause of action to recover his attorneys' fees and expenses incurred in connection with this action. The plaintiff moved for summary judgment on the complaint. The defendant opposed the motion and cross-moved for summary judgment declaring that its reformation of the subject policy was valid and enforceable, that it is not bound by the full bodily injury coverage limits stated in the original policy, and that it has no obligation to satisfy the judgment the plaintiff obtained against the defendant's insured, and otherwise dismissing the complaint. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion, and the plaintiff appeals.
An insurer may not retroactively reform a policy to reduce the stated bodily injury coverage limits after a loss caused by its insured occurs, even if the reduced limits still meet or exceed the statutory minimum (see Olivio v Government Empls. Ins. Co. of Washington, D.C., 46 AD2d 437, 443-445; Reliance Ins. Cos. v Daly, 38 AD2d 715, 716). As such, by demonstrating that the policy in effect at the time of the accident provided for a bodily injury coverage limit of $250,000 per person, and submitting the $300,000 judgment he obtained against the defendant's insureds in the underlying personal injury action, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on his causes of action for a judgment declaring that the purported reformation of the policy was invalid and unenforceable and that the defendant is bound by the full bodily injury coverage limits stated in the original policy. The plaintiff also demonstrated his prima facie entitlement to judgment as a matter of law declaring that the defendant is obligated to satisfy the first $250,000 of the judgment he obtained against the Giambrones. In opposition, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on his causes of action seeking such declarations and should have denied those branches of the defendant's cross motion which were for summary judgment making the opposite declarations.
However, the plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law declaring that the defendant is obligated to satisfy the full amount of the judgment he obtained against the Giambrones. Contrary to his contention, the plaintiff failed to identify any basis on which the defendant was obligated to pay the additional $50,000 beyond the original policy's bodily injury coverage limit. As such, the plaintiff was entitled to summary judgment on that cause of action, but only to the extent of declaring that the defendant is obligated to satisfy the first $250,000 of the judgment.
We agree with the Supreme Court's denial of that branch of the plaintiff's motion which was for summary judgment on his cause of action to recover his attorneys' fees and expenses incurred in connection with this action, and grant of that branch of the defendant's cross motion which was for summary judgment dismissing that cause of action (see Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21-22; O'Keefe v Allstate Ins. Co., 90 AD3d 725, 726).
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, [*2]Suffolk County, for the entry of a judgment, inter alia, declaring that the purported reformation of the policy was invalid and unenforceable, that the defendant is bound by the full bodily injury coverage limits stated in the original policy, and that the defendant is obligated to satisfy the first $250,000 of the judgment the plaintiff obtained against the Giambrones (see Lanza v Wagner, 11 NY2d 317).
MASTRO, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court