JOSEPH, INC., Appellant, *v.* ALBERTI, CARLETON & Co., INC., and Another, Respondents.

First Department, December 28, 1928.

*David L. Podell* of counsel [*Benjamin Algase* with him on the brief], for the appellant.

*Frederick M. Thompson*, for the respondents.

PROSKAUER, J.   The defendants had for many years been insurance brokers for plaintiff.   Prior to April 12, 1921, the plaintiff was engaged in the alteration of an adjoining building to be used as an annex to its business.   On April 12, 1921, it concededly requested the defendant to effect fire and burglary insurance upon merchandise to be moved into the annex.   The plaintiff's manager testified that on the afternoon of April 12, 1921, Alberti, an authorized officer of the defendant corporation, told him over the telephone that the insurance had been effected, that the risk was bound, and that the plaintiff could proceed to occupy its new premises.   This conversation is denied by Alberti.   The crucial issue thus raised will be hereafter discussed.   The plaintiff moved merchandise into the annex and on the night of April 13, 1921, suffered a loss by burglary.   The insurance in fact was not effected and the plaintiff brought this suit claiming that it relied upon the reckless, false statement of Alberti that burglary insurance had been bound and that it was entitled to reimbursement from the defendant for what it would have been able to recover from an insurer had the insurance been placed.   The case was tried before the court without a jury upon a stipulation that a verdict might be directed as though a jury were present.   This appeal is from a judgment based upon a verdict directed for the defendants.

The opinion of the trial justice impliedly assumes the truth of the plaintiff's testimony as to the representation.   Any contrary finding would be against the weight of the evidence.   The testimony of the plaintiff's witness is strongly corroborated by a letter of confirmation written by the defendant stating: " In accordance with your request we have effected $25,000 fire and burglary insurance on merchandise, at 2 West 51st Street."   This letter was mailed prior to the burglary and received thereafter.   It is, there-

fore, not in itself a representation. It is, however, strong corroboration of the claim that the oral representation testified to by plaintiff's witness was made by Alberti. The credibility of Alberti, on the other hand, is seriously impaired by his cross-examination. Upon the trial he categorically denied that the telephone conversation occurred, but in an examination had shortly before the trial itself, he specifically refused to deny that it had occurred and repeatedly claimed merely a lack of recollection. Indeed, upon the trial he asserted that he had really effected the insurance and he admits conversations with the representatives of the insurance company which clearly show upon his part a consciousness of dereliction of duty to the plaintiff.

We find as a fact, therefore, that the reckless misrepresentation was made and that the insurance was not effected.

The defendant also opposes recovery upon the ground that plaintiff had no right to rely upon the representation because an inspector of the insurance company prior to the burglary stated to a bookkeeper of the plaintiff's, after an inspection of the premises on the very day upon which the burglary occurred, that the company would not write a policy unless certain physical changes were made in the premises. The bookkeeper denies that the conversation occurred. He is a disinterested witness, no longer in the plaintiff's employ, and his credibility is unimpeached. Moreover, there is nothing in the conversation which should have led the plaintiff to believe that the binder was being terminated. A somewhat casual statement by an inspector cannot take the place of the definite notice to which the plaintiff was entitled as a condition precedent to the cancellation of an insurance binder. It was not to be inferred from the inspector's expression of the company's unwillingness to write the policy unless alterations were made that the binder was to be summarily and instantaneously canceled.

The defense relied also upon the claim that there was no sufficient evidence of outward marks of violence by tools to bring the loss within the terms of the form of policy which it intended to write. An examination of the premises upon the morning after the burglary disclosed that a pane of glass had been broken in a door of the basement. Through the aperture thus created it was possible for a burglar to insert his hand and unlatch the door. It was inferable that the glass was broken by the use of some tool or instrument. The testimony showed satisfactorily that an outer metal door had not been locked. We hold that there is sufficient evidence to bring the case within this term of the policy which the defendant intended to procure.

The judgment appealed from should, therefore, be reversed, with costs, and judgment directed for the plaintiff, with costs.

Dowling, P. J., Merrell, Finch and McAvoy, JJ., concur.

Judgment reversed, with costs, and judgment directed for plaintiff, with costs. Settle order on notice.