■ RALPH L. MACDONALD et al., Respondents, v. CARPENTER & PELTON, INC., Appellant.— In an action by contract vendees of real property in North Castle to recover damages growing out of the failure of defendant, an insurance agent or broker, to procure fire insurance covering plaintiffs' interest in the real property purchased, defendant appeals from a judgment of the Supreme Court, Westchester County, made December 5, 1967 after a nonjury trial, in favor of plaintiffs in the amount of $50,000, plus interest, costs and disbursements. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event. The decision of the trial court was rendered upon consideration of the first two causes of action in plaintiffs' complaint, breach of contract and negligence, respectively. Upon the making of the contract of sale, on September 25, 1962, at which time $7,100 was paid by plaintiffs against the $71,000 purchase price, plaintiff MacDonald was informed that the existing insurance coverage was not very substantial. On the same day, coplaintiff Di Giacinto telephoned defendant, who already carried the sellers' $38,500 fire insurance on the property. He told G. Howard Taylor, an officer (secretary) of defendant, that the contract of sale had been entered into and that plaintiffs wanted to place additional insurance of $50,000 in their own names. Taylor told Di Giacinto that he would "take care of" it and that plaintiffs were "covered". Di Giacinto also asked Taylor whether a deposit had to be paid for the insurance, but Taylor recalled to Di Giacinto that they knew each other and that because of that a deposit was not necessary. Actually, defendant never placed the requested insurance or informed plaintiffs of that fact. On September 28, 1962, the buildings on the property were destroyed by fire. The sellers were paid their $38,500 insurance coverage. In February, 1963, plaintiffs closed title under the contract for an abated price of $32,500, the difference between the sellers' insurance proceeds and the contract price. Defendant did not deny it was a general insurance agent, but contends it did not agree to place insurance with any company it represented; and defendant did not show what efforts it had made to place the insurance prior to the date of the fire. The trial court, after reviewing the evidence, stated: "If a general insurance agent agrees with a prospective insured to secure insurance, but fails to do so and, further, neglects to accord reasonable notice that such insurance had not been obtained, the agent becomes personally liable. At bar, the defendant failed to notify the plaintiffs prior to the occurrence of the fire loss that the insurance had not been placed on their behalf." After discussing the issue of insurable interest, the court concluded: "Upon the representation that the insurance had been placed, the plaintiffs could rely thereon; nor could their rights be defeated by the argument that the carrier might subsequently have refused to accept the risk. (*Joseph, Inc.* v. *Alberti, Carleton &*

*Co., Inc.* 225 App. Div. 115 [affd. 251 N. Y. 580].) Defendant, having contracted to procure $50,000 insurance coverage for the plaintiffs, is found to be liable as if such policy had been issued." The evidence in this case was sufficient to establish an agreement by defendant to procure the insurance sought by plaintiffs. The decision below implies a finding that defendant, in entering such agreement, did so as a general insurance agent. Aside from the fact that defendant was a general insurance agent, there was no evidence to support a finding that plaintiffs had dealt with defendant in that capacity. They never had had any prior dealings with defendant, or, for aught that appears in this case, even knew that defendant on September 25, 1962, was such an agent. MacDonald referred to defendant as the insurance broker for the prior owners of the property. Taylor stated that defendant was the insurance agent for the latter. Circumstances are wholly wanting from which it may be inferred that defendant had express or implied authority to bind any insurance company in a transaction involving a $50,000 fire insurance policy covering the interests of contract vendees in property on which there was at the time insurance of $38,500 covering the vendors of the property. On the posture of the evidence in this case, it seems to us that the relation created by the agreement constituted defendant an insurance broker. In that capacity, defendant was obligated to exercise reasonable diligence to protect the interests of plaintiffs by insurance. In the event it was not able to do so, then it had the duty seasonably to notify plaintiffs of its inability to place the insurance. The reason for such notice was to afford plaintiffs an opportunity to procure insurance elsewhere if they could. The time for giving such notice did not begin to run until defendant had a reasonable time to ascertain by the exercise of reasonable diligence whether it could place the insurance. Here the fire occurred three days after the agreement was made. Whether the intervening period afforded defendant a reasonable time within which to place the insurance would be a question of fact. Failure by defendant to discharge the duties imposed by the agreement would render it liable either for breach of contract or for negligence for any loss sustained by plaintiffs in the amount which would have been due if the policy had been issued. Upon proof of the contract and its breach, plaintiffs would establish a prima facie case for damages with respect to the breach of contract action. However, so far as the negligence action is concerned, the mere fact that a policy was not procured would not relieve plaintiffs of the burden of proving the negligence of defendant or require the latter to show affirmatively that it had exercised due care in the transaction. Moreover, if negligence were established, plaintiffs would be required to show that such negligence was the proximate cause of their damages. In this context, plaintiffs would be required to show that prior to the fire they could have procured the insurance which they sought (*Backus* v. *Ames,* 79 Minn. 145; *Russell* v. *O'Connor,* 120 Minn. 66). If defendant as a broker represented to plaintiffs that they were covered, when in fact they were not, this would constitute negligent conduct and plaintiffs could recover on that basis provided they acted to their detriment by failing to procure coverage which, but for defendant's representation, could have been secured prior to the fire. As to the statement by Taylor that plaintiffs were "covered", it should be noted that, if plaintiffs established that defendant was acting as a general insurance agent, the statement could be found to be an oral contract for temporary insurance, binding any disclosed principal represented by defendant. Here there was no disclosure of what companies, if any, defendant allegedly represented. Absent such disclosure, defendant, as a general insurance agent, would be personally liable to the same extent as if the policy had been issued (*Ell Dee Clothing Co.* v. *Marsh,* 247 N. Y. 392; *Cees Rest.* v.

*Lobdell,* 15 N Y 2d 275; *Hurd* v. *Maine Mut. Fire Ins. Co.,* 139 Me. 103). It is not clear from the decision of the trial court whether its finding of liability was based on breach of contract or on negligence or on the statement that insurance had been effected. *Joseph, Inc.* v. *Alberti, Carleton & Co.* (225 App. Div. 115, affd. 251 N. Y. 580, *supra*), relied upon by the court below, as indicated above, does not necessarily hold that, when a broker represents that insurance has been effected, the supposed insured may rely on the representation and recover the loss sustained by him. There the plaintiff sought burglary insurance and the defendant, an insurance broker, stated that the insurance had ·been effected and that the plaintiff could move its property into the building covered. The plaintiff did so move its property and on the following day the property was stolen in the course of a burglary. As is evident, the representation caused the plaintiff therein to act to its detriment. In the case at bar, however, it was not shown that but for defendant's statement coverage could have been procured prior to the fire. Benjamin, Munder and Martuscello, JJ., concur; Brennan, Acting P. J., and Rabin, J., dissent and vote to affirm the judgment.