■ CAMERON OATHOUT, an Infant, by ROLAND OATHOUT, JR., His Parent, et al., Appellants, v MARIE JOHNSON, Respondent. — Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered July 7, 1981 in Fulton County, which granted defendant's motion and dismissed the complaint for failure to state a cause of action. Giving full credence to plaintiff's pleadings and other papers, the following facts must be deemed as established: On July 9, 1976, the owner of a Gloversville taxicab company telephoned defendant insurance agent to advise of the purchase of a 1967 Chevrolet taxicab to replace another vehicle and to request a corresponding change of vehicles on its insurance policy. Defendant undertook the responsibility to effect the change, but negligently omitted to notify the insurance carrier until July 12, 1976. Unfortunately, the newly acquired vehicle was involved in an accident on July 9, in which plaintiff Cameron Oathout was seriously injured. The insurance carrier disclaimed coverage in the action commenced by plaintiff against the cab company, and plaintiff obtained judgment by default. Plaintiff thereafter successfully made a claim against the Hartford Accident and Indemnity Co. (Hartford) under the uninsured motorist coverage of his father's automobile insurance policy and, upon receiving a settlement recovery of $9,000, executed an uninsured motorist release and trust agreement to Hartford. The instant action, while nominally that of plaintiff Oathout and his father, is in actuality one for recoupment of Hartford's payment. Special Term properly dismissed the complaint. It is true that defendant's negligent omission to have the policy changed would give rise to liability in favor of her client, the cab company, for the damages occasioned by the absence of insurance coverage (Joseph, Inc. v Alberti, Carleton & Co., 225 App Div 115, affd 251 NY 580). The promised performance, however, clearly was only intended to benefit the insured, and not the general public. Under New York law, a duty directly assumed to benefit one person does not extend to third parties who are not intended beneficiaries of the undertaking to perform, even if it is foreseeable that someone else might be damaged by the nonfeasance (Moch Co. v Rensselaer Water Co., 247 NY 160, 167-169; 2 Harper and James, The Law of Torts, § 18.6, pp 1050-1051). Even when the negligence consists of malfeasance in the promised performance, rather than nonfeasance, there is no liability for injuries thereby sustained by members of the general public at large or of an indeterminate class (Ultramares Corp. v Touche, 255 NY 170,

179-181; *Beck v FMC Corp.,* 53 AD2d 118, 120-121, affd 42 NY2d 1027; cf. *White v Guarente,* 43 NY2d 356, 361). Defendant owed no statutory duty, and did not assume any other duty, to the nominal plaintiff here, and there is no good reason to shift the burden of loss from plaintiffs' insurance carrier to this defendant. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.