Calvin A. Henry, as Administrator of the Estate of Carolyn C. Henry, Deceased, Respondent, v Michael P. Guastella & Associates, Incorporated, Appellant.

Fourth Department, December 20, 1985

APPEARANCES OF COUNSEL

*Saperston, Day, Lustig, Gallick, Kirschner & Gaglione, P. C.*

*(Thomas Liptak* and *Thomas F. Segalla* of counsel), for appellant.

*Edward C. Cosgrove* for respondent.

## OPINION OF THE COURT

BOOMER, J.

Does the duty of an insurance agency to perform an agreement with its client to provide adequate motor vehicle liability coverage extend to a member of the public who is injured as the result of the negligence of the driver of the client's uninsured vehicle?

Defendant, Michael P. Guastella and Associates, Inc., an insurance agency, appeals from an order denying its motion to dismiss the complaint for failure to state a cause of action. The complaint alleges that plaintiff's decedent was fatally injured when she was struck by a truck owned by Leah McKellar; that before the date of the accident the defendant, Guastella, agreed with McKellar to provide adequate insurance coverage for liability to third parties for personal injuries arising out of the use of McKellar's truck; and that Guastella failed to provide such coverage. The complaint purports to state causes of action against the insurance agency for negligence and breach of contract.

In upholding the sufficiency of the complaint, Special Term (citing *Gothberg v Nemerovski,* 58 Ill App 2d 372, 208 NE2d 12; and *Eschle v Eastern Frgt. Ways,* 128 NJ Super 299, 319 A2d 786) reasoned that the public policy of the State requires that members of the public be deemed third-party beneficiaries of the contract to provide liability insurance. Other cases are in accord *(Johnson v Smith,* 58 NC App 390, 293 SE2d 644; *Rae v Air-Speed, Inc.,* 386 Mass 187, 435 NE2d 628), and some have reached a contrary result *(Freeman v Schmidt Real Estate & Ins.,* 755 F2d 135 [interpreting Iowa law]; *Campbell v Continental-Emsco Co.,* 445 So 2d 70, *cert denied* 446 So 2d 1223 [La]). In New York, the Appellate Division, Third Department, refused to extend the liability of an insurance agency to members of the public *(Oathout v Johnson,* 88 AD2d 1010).

We agree with the reasoning of the Third Department. In *Oathout (supra,* p 1010), the court wrote: "It is true that defendant's negligent omission to have the policy changed would give rise to liability in favor of her client, the cab company, for the damages occasioned by the absence of insurance coverage *(Joseph, Inc. v Alberti, Carleton & Co.,* 225 App

Div 115, affd 251 NY 580). The promised performance, however, clearly was only intended to benefit the insured, and not the general public. Under New York law, a duty directly assumed to benefit one person does not extend to third parties who are not intended beneficiaries of the undertaking to perform, even if it is foreseeable that someone else might be damaged by the nonfeasance *(Moch Co. v Rensselaer Water Co.,* 247 NY 160, 167-169; 2 Harper and James, The Law of Torts, § 18.6, pp 1050-1051)." *Oathout (supra)* was followed by the case of *Calamari v Grace* (98 AD2d 74), which reaffirmed the holding that an abstractor is liable for damages resulting from errors in or omissions from the prepared abstract, in the absence of fraud or collusion, solely to the person who contracted for the preparation of the abstract. The same rule also limits the extent of liability of other professionals for negligent performance of their services *(see, Savings Bank v Ward,* 100 US 195; *Harder v Arthur F. McGinn, Jr., P. C.,* 89 AD2d 732, 733, *affd* 58 NY2d 663; *Gifford v Harley,* 62 AD2d 5, 7; and *Victor v Goldman,* 74 Misc 2d 685, *affd* 43 AD2d 1021 [attorneys]; *see also, Westpac Banking Corp. v Deschamps,* 66 NY2d 16; *Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536; *White v Guarente,* 43 NY2d 356; *State St. Trust Co. v Ernst,* 278 NY 104, 111; and *Ultramares Corp. v Touche,* 255 NY 170 [public accountants]).

In both *Oathout (supra)* and *Calamari (supra),* the courts relied upon the leading case of *Ultramares Corp. v Touche* (255 NY 170, *supra)* involving the extent of the liability of public accountants. Recently, the Court of Appeals confirmed the rule in *Ultramares (supra)* and stated that "under the common law of this State accountants should not have a duty to the public at large" *(Westpac Banking Corp. v Deschamps, supra,* p 19). "[A] relationship 'so close as to approach that of privity' * * * remains valid as the predicate for imposing liability upon accountants to noncontractual parties for the negligent preparation of financial reports" *(Credit Alliance Corp. v Andersen & Co., supra,* p 546).

"[A]n obligation rooted in contract may engender a duty owed to those not in privity" *(Strauss v Belle Realty Co.,* 65 NY2d 399, 402) but, as a general rule, privity or its equivalent remains the predicate for imposing liability for nonperformance of contractual obligations *(see, Credit Alliance Corp. v Andersen & Co., supra; Moch Co. v Rensselaer Water Co.,* 247 NY 160, 167-168, *supra; Calamari v Grace,* 98 AD2d 74, 78, *supra; B.L.W. Realty Holding Co. v Socony Mobil Oil Co.,* 32

AD2d 312, 314, *affd in part, appeal dismissed in part* 26 NY2d 1002; *Conte v Aeolian Corp.,* 80 AD2d 990). "[W]here defendant's negligence ends merely in nonperformance of the contract and where defendant is not under any recognized duty to act apart from contract, the courts generally still see no duty to act affirmatively except the duty based on—and limited by —defendant's consent. Thus, whether the action is viewed as one in contract or in tort, only parties to the contract (or intended beneficiaries) may complain" (2 Harper and James, Torts § 18.6, at 1050).

Although "[t]he assault upon the citadel of privity" *(Ultramares Corp. v Touche,* 255 NY 170, 180, *supra)* has succeeded in the field of products liability *(MacPherson v Buick Motor Co.,* 217 NY 382), the duty imposed upon manufacturers arises not primarily from an obligation assumed by contract, but by reason of an obligation imposed by law not to introduce dangerous products into the channels of commerce *(Micallef v Miehle Co.,* 39 NY2d 376, 385; *Ultramares Corp. v Touche,* 255 NY 170, 181, *supra; see also, Credit Alliance Corp. v Andersen & Co., supra,* p 547).\* Likewise, architects and contractors may be liable to third parties not in privity with them because " 'there is no visible reason for any distinction between the liability of one who supplies a chattel and one who erects a structure' " *(Inman v Binghamton Hous. Auth.,* 3 NY2d 137, 144, quoting Prosser, Torts § 85, at 517 [2d ed]).

Here, defendant was under no recognized duty to act apart from contract, and the plaintiff's decedent was neither a party to the contract between the insurance agency and its client nor an intended beneficiary *(see, Oathout v Johnson,* 88 AD2d 1010, *supra).* As was said in *Freeman v Schmidt Real Estate & Ins.* (755 F2d 135, 140, *supra):* "The aim of the alleged transaction between Catron [the insured] and the insurance agent Schmidt was to protect *Catron* and to protect him from *liability.*" The agreement between defendant Guastella, the agent, and McKellar was for the protection of McKellar, and she, not members of the public such as plaintiff's decedent, was the intended beneficiary, especially since the agreement does not clearly evidence an intent to permit enforcement by a third party *(see, McClare v Massachusetts Bonding & Ins. Co.,* 266 NY 371; cited in *Fourth Ocean Putnam Corp. v*

---

\* "A force or instrument of harm having been launched with potentialities of danger manifest to the eye of prudence, the one who launches it is under a duty to keep it within bounds" (Cardozo, Ch. J. in *Ultramares Corp. v Touche,* 255 NY 170, 181).

*Interstate Wrecking Co.,* 66 NY2d 38, 45; *see also, Bernal v Pinkerton's, Inc.,* 52 AD2d 760, *affd* 41 NY2d 938).

We find no New York precedent, therefore, that requires us to impose an obligation upon defendant for the benefit of plaintiff's decedent. We do not end our analysis at this point, however, for "[t]he ultimate question is whether a duty *should* be imposed as a matter of policy." (2 Harper and James, Torts § 18.6, at 1052.) As the cases indicate, it has not been the policy of the courts in this State to extend the promisor's responsibility for the breach of a contract to perform professional services to those not parties to the contract. Moreover, public policy "is evidenced by the expression of the will of the Legislature contained in statutory enactments." *(Straus & Co. v Canadian Pac. Ry. Co.,* 254 NY 407, 413.) Thus, in determining whether public policy dictates that an exception be made to impose an obligation upon agents issuing motor vehicle liability insurance for the benefit of members of the public, we must look to the enactments of the Legislature.

The Legislature has expressed concern for "innocent victims" of uninsured motorists (Insurance Law § 5201 [b]). The Legislature addressed that concern by establishing the Motor Vehicle Accident Indemnification Corporation, which provides a fund, contributed to by insurers doing business in New York State, for the purpose of indemnifying victims of uninsured motorists (Insurance Law art 52). Not included in that legislation, however, is any provision imposing additional responsibility upon insurers or insurance agents for the benefit of those victims. Should it be deemed desirable to make victims of uninsured motorists the direct beneficiaries of agreements between insurance agents and their clients, it is the prerogative of the Legislature to do so.

Accordingly, the order should be reversed and defendant's motion should be granted.

HANCOCK, JR., J. P., DOERR, GREEN and O'DONNELL, JJ., concur.

Order unanimously reversed, on the law, without costs, and motion granted.