■ DOMINION FINANCIAL CORP., Respondent-Appellant, v ASSET INDEMNITY BROKERAGE CORP., Appellant-Respondent. [874 NYS2d 115]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered June 30, 2008, which, insofar as appealed from as limited by the briefs, granted defendant's motion to dismiss the complaint to the extent of dismissing the first cause of action for negligence and denied the motion to the extent of sustaining the second cause of action for negligence, and granted plaintiff's cross motion to amend the complaint to add causes of action for breach of contract, unanimously modified, on the law, to deny defendant's motion in its entirety and to reinstate the first cause of action, and otherwise affirmed, without costs.

In this action against an insurance broker for failure to properly procure insurance, plaintiff asserts claims on its own behalf and as the assignee of the claims of defendant's client against defendant. Plaintiff has alleged facts sufficient to demonstrate that it was an intended beneficiary not only of the surety coverage procured by defendant, in which it was so named, but also of defendant's agreement with its client to

procure the surety coverage (*see Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, 33-35 [1979], *affd* 49 NY2d 924 [1980]; *Henry v Guastella & Assoc.*, 113 AD2d 435 [1985], *lv denied* 67 NY2d 605 [1986]; *20th Century Foods Pte., Ltd. v Home Ins. Co.*, 1989 WL 99773, \*8-10, 1989 US Dist LEXIS 9843, \*28-33 [SD NY 1989]). These facts include that defendant was aware, from the moment its client contacted it about procuring coverage, that plaintiff was the intended beneficiary of the coverage, and that plaintiff participated on its own behalf in discussions with defendant and its client about the coverage to be provided. Accordingly, plaintiff has stated a cause of action for negligence both on its own behalf and as the assignee of defendant's client's claims against defendant. For the same reasons, the court properly granted plaintiff's motion to amend the complaint to add causes of action for breach of contract as a third-party beneficiary of the brokerage agreement and as assignee of defendant's client's claims.

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Freedman, JJ.