*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015                    520978
_____

ROBERT J. HAWKINS et al.,
                    Respondents,

        v

ROXANNE LYNNE EAVES, as
    Executor of the Estate of           MEMORANDUM AND ORDER
    LEONARD B. WILCOX,
    Deceased, and as Trustee
    of the LEONARD B. WILCOX
    LIVING TRUST,
                    Appellant.
_____

Calendar Date:  October 22, 2015

Before:  Peters, P.J., Garry, Rose and Clark, JJ.

                    _____


        Law Office of Alfred Paniccia Jr., Binghamton (Alfred
Paniccia Jr. of counsel), for appellant.

        Menter, Rudin & Trivelpiece, PC, Syracuse (Teresa M.
Bennett of counsel), for respondents.

                    _____


Rose, J.

        Appeal from an order of the Supreme Court (Lebous, J.),
entered October 10, 2014 in Broome County, which denied
defendant's motion to dismiss the complaint.

        Plaintiff Robert J. Hawkins borrowed money from Leonard B.
Wilcox in August 2009, March 2010 and December 2010.  Each loan
was secured by a separate promissory note.  In January 2011,
Wilcox and Hawkins modified all three promissory notes to, among
other things, include plaintiff Hawkins Homes, LLC as an

additional obligor.  In February 2012, Wilcox made a fourth loan to plaintiffs in exchange for another promissory note.  Although plaintiffs repaid the December 2010 loan in full, they ultimately defaulted on the August 2009, March 2010 and February 2012 loans, whereupon Wilcox filed money judgments by confession against plaintiffs and commenced a CPLR article 52 proceeding to enforce them.  In response, plaintiffs commenced this action against defendant, who is the executor and trustee of Wilcox's estate and living trust.[1]  Plaintiffs' complaint asserts, among other things, that each of the four loans is usurious and, therefore, void.[2]  Defendant then moved to dismiss the complaint, arguing, among other things, that plaintiffs failed to state a cause of action and certain of plaintiffs' claims are barred by the statute of limitations.  Supreme Court denied the motion in all respects, and defendant now appeals.

Plaintiffs' first cause of action alleges that the December 2010 loan charged interest at a rate in excess of 22% per year, making it usurious and, therefore, void as a matter of law (see General Obligations Law § 5-501; Banking Law § 14-a; see also General Obligations Law § 5-513; Seidel v 18 E. 17th St. Owners, 79 NY2d 735, 740 [1992]).  Defendant contends, however, that this loan was fully repaid almost three years before the commencement of this action and, even if it was usurious, this cause of action is time-barred.  We agree.  There is no dispute that the December 2010 loan was paid in full in June 2011.  Further, the parties agree that any cognizable claim that plaintiffs may have to recover the interest they paid in excess of the legal rate is barred by the one-year statute of limitations (see CPLR 215 [6]).  In an effort to sidestep the limitations period, plaintiffs argue that this cause of action is not a cause of action at all.  Rather, they contend that it is an equitable recoupment defense

_____

[1]  Wilcox died in March 2014.

[2]  At oral argument, plaintiffs stated that they are pursuing their demand for vacation of the judgments by confession and the transcripts thereof in the parallel CPLR article 52 enforcement proceeding, and they are no longer seeking such relief in this action.

seeking only an offset against any usurious amounts that defendant might recover in the parallel CPLR article 52 proceeding and, thus, it is timely because it was not barred at the time that those claims were first asserted (see CPLR 203 [d]).  Regardless of whether such a defense may be interposed in that proceeding, however, plaintiffs cannot do so here because equitable recoupment can only be asserted as a counterclaim or as an affirmative defense (see Carlson v Zimmerman, 63 AD3d 772, 774 [2009], DeMille v DeMille, 5 AD3d 428, 429 [2004]), and defendant seeks no recovery in this action against which their request for an offset could be applied.

The second and third causes of action challenge the August 2009 and March 2010 loans.  Plaintiffs allege that, in both cases, Wilcox required them to make so-called "bonus payments" in exchange for forbearances on the loans, which, when added to the 12% interest rate appearing on the face of the notes, render the loans usurious.  Notably, defendant does not challenge the facial sufficiency of these allegations.  Instead, defendant argues that these causes of action require dismissal because of evidence presented by plaintiffs in opposition to her motion to dismiss, which, in defendant's view, indicates that the bonus payments are not calculable as additional interest.  However, the record does not reflect that this argument was made to Supreme Court, and plaintiffs contend that they were not afforded an opportunity to address it.  Accordingly, it is unpreserved for our review (see Anthony DeMarco & Sons Nursery, LLC v Maxim Constr. Serv. Corp., 130 AD3d 1409, 1411 [2015]; Stein v Kendal at Ithaca, 129 AD3d 1366, 1367 [2015]), and we will not disturb Supreme Court's denial of defendant's motion to dismiss plaintiffs' second and third causes of action.

Plaintiffs' fourth cause of action alleges that the terms of the February 2012 loan required plaintiffs to pay "points" that resulted in an interest rate of 14.5% per year, in addition to an annual interest rate of 12%.  Accepting these allegations as true and granting plaintiffs the benefit of every possible inference, as we must at this stage of the proceedings (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; Delaware County v Leatherstocking Healthcare, LLC, 110 AD3d 1211, 1213 [2013]), this loan would carry a criminally usurious interest

rate in excess of 25% (see Penal Law § 190.40).  Thus, we agree with Supreme Court's decision to deny dismissal of this cause of action.  We have considered defendant's remaining contentions and find them to be unavailing.

Peters, P.J., Garry and Clark, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to dismiss the first cause of action; motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court