Garry, J.P., Egan Jr., Rose and Rumsey, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

 MARY JEAN MUNCIL, Plaintiff, v WIDMIR INN RESTAURANT CORP., Doing Business as VILLA BORHESE, Defendant and Third-Party Plaintiff-Appellant; CARTER-MGM INSURANCE AGENCY, LLC, et al., Third-Party Defendants-Respondents. (And Another Third-Party Action.) [65 NYS3d 267]—

Rose, J. Appeal from an order of the Supreme Court (Auffredou, J.), entered June 16, 2016 in Warren County, which granted third-party defendants' motions to dismiss the amended third-party complaint.

Plaintiff commenced this negligence action alleging that she sustained injuries in September 2013 when she fell outside of defendant's restaurant. After defendant received the complaint, it discovered that the carrier of its commercial liability insurance policy, Indemnity Insurance Corp., had been the subject of a liquidation petition filed in July 2013 and, since that time,

had been declared insolvent. As a result, defendant commenced a third-party action against third-party defendant Carter-MGM Insurance Agency, LLC, the insurance broker that had obtained the policy, and third-party defendant Jay Carter, the president of Carter-MGM, asserting causes of action for breach of contract, negligence, negligent misrepresentation and breach of fiduciary duty. Defendant later filed an amended third-party complaint, adding third-party defendant Morstan General Agency, Inc., the wholesale insurance agency that had assisted Carter-MGM in procuring the policy, and asserting the same causes of action. Thereafter, Carter-MGM and Carter moved to dismiss the amended third-party complaint for failure to state a cause of action, and Morstan separately moved for the same relief. In opposition to the motions, defendant submitted an affidavit by its president, Stanley Porco, explaining its third-party claims. Supreme Court granted the motions, and this appeal by defendant ensued.

In assessing third-party defendants' motions to dismiss, we "give the pleading a liberal construction, accept the facts alleged in the [amended third-party] complaint to be true and afford [defendant] the benefit of every possible favorable inference" (*Landon v Kroll Lab. Specialists, Inc.*, 22 NY3d 1, 5-6 [2013] [internal quotation marks and citations omitted]; *see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). In addition, we are permitted to consider affidavits submitted by defendant to remedy any defects in the amended third-party complaint because the dispositive inquiry is whether defendant "has a cause of action, not whether [defendant] has stated one" (*Leon v Martinez*, 84 NY2d at 87-88 [internal quotation marks and citation omitted]; *see Chanko v American Broadcasting Cos. Inc.*, 27 NY3d 46, 52 [2016]).

Initially, we agree with Supreme Court that defendant failed to oppose Carter-MGM and Carter's motion insofar as it sought to dismiss the causes of action asserted against Carter on the basis that he was not personally liable because he was merely acting within the scope of his employment as an agent of Carter-MGM. In light of this, defendant's current argument that Carter may be held personally liable is unpreserved for our review (*see Radiation Oncology Servs. of Cent. N.Y., P.C. v Our Lady of Lourdes Mem. Hosp., Inc.*, 148 AD3d 1418, 1420 [2017]; *Hawkins v Eaves*, 134 AD3d 1221, 1223 [2015]). Accordingly, we will not disturb Supreme Court's dismissal of the amended third-party complaint against Carter.

We turn next to the breach of contract cause of action against

Carter-MGM, which requires allegations of "an agreement, performance by one party, failure to perform by the other party and resulting damages" (*Hyman v Schwartz*, 127 AD3d 1281, 1283 [2015]; *see Torok v Moore's Flatwork & Founds., LLC*, 106 AD3d 1421, 1422 [2013]; *Clearmont Prop., LLC v Eisner*, 58 AD3d 1052, 1055 [2009]). Here, the amended third-party complaint and Porco's affidavit, taken together, allege that defendant and Carter-MGM entered into an oral broker's agreement whereby Carter-MGM agreed that it would obtain a viable insurance policy and that, if defendant paid the insurance premiums on time, Carter-MGM would process any claims on defendant's behalf in a timely and efficient manner and would promptly notify defendant of "any changes" impacting the policy. Defendant alleges that it performed in accordance with the agreement by paying the premiums and forwarding all claims to Carter-MGM in a timely manner. Porco's affidavit asserts that, three months prior to plaintiff's accident, defendant forwarded a different personal injury claim to Carter-MGM and, had Carter-MGM timely processed that claim, it would have learned of Indemnity's liquidation proceeding and realized that Indemnity was no longer a viable insurance company. Defendant alleges that, because Carter-MGM should have known about Indemnity's liquidation proceeding, Carter-MGM breached the agreement by failing to notify defendant of this development, which, it is argued, constituted a change directly affecting the viability of the policy. Defendant further alleges that this breach resulted in damages by depriving it of the ability to obtain new insurance coverage before plaintiff's accident. Taking these allegations as true, we agree with defendant that it has sufficiently pleaded a cause of action for breach of an oral contract based upon Carter-MGM's failure to notify defendant of Indemnity's financial situation (*see generally Sim v Farley Equip. Co. LLC*, 138 AD3d 1228, 1229-1230 [2016]; *Clearmont Prop., LLC v Eisner*, 58 AD3d at 1055).

We cannot agree, however, with defendant's contention that dismissal of the causes of action for negligence and negligent misrepresentation against Carter-MGM was error. The amended third-party complaint and Porco's affidavit establish that these causes of action are based upon the same conduct as the breach of contract cause of action. In light of this, coupled with the fact that defendant has not alleged that Carter-MGM violated "a legal duty independent of that created by the contract" (*Fleet Bank v Pine Knoll Corp.*, 290 AD2d 792, 795 [2002] [internal quotation marks and citation omitted]), these causes of action are duplicative of the breach of contract cause of action (*see Sutton v Hafner Valuation Group, Inc.*, 115 AD3d

1039, 1042 [2014]; *Torok v Moore's Flatwork & Founds., LLC*, 106 AD3d at 1422). To the extent that defendant preserved its challenge to the dismissal of the breach of fiduciary duty cause of action against Carter-MGM, we similarly find that this cause of action is duplicative of the breach of contract cause of action (*see NYAHSA Servs., Inc., Self-Ins. Trust v Recco Home Care Servs., Inc.*, 141 AD3d 792, 794-795 [2016]; *Brooks v Key Trust Co. N.A.*, 26 AD3d 628, 630 [2006], *lv dismissed* 6 NY3d 891 [2006]; *Kaminsky v FSP Inc.*, 5 AD3d 251, 252 [2004]). Accordingly, we find that Supreme Court properly dismissed these causes of action against Carter-MGM.

Supreme Court also properly granted Morstan's motion to dismiss the amended third-party complaint. Defendant concedes that it has no contractual relationship with Morstan and, moreover, that it has never had any dealings with Morstan. Instead, defendant contends that Morstan's motion should have been denied as premature because discovery has yet to be conducted. Defendant failed, however, to establish that "facts essential to justify opposition [to Morstan's motion] may exist but cannot then be stated" (CPLR 3211 [d]; *see generally Herzog v Town of Thompson*, 216 AD2d 801, 803-804 [1995]).

Egan Jr., J.P., Lynch, Aarons and Pritzker, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion by third-party defendants Carter-MGM Insurance Agency, LLC and Jay Carter to dismiss the breach of contract cause of action asserted against Carter-MGM Insurance Agency, LLC; motion denied to said extent; and, as so modified, affirmed.