Vestal v Pontillo (2018 NY Slip Op 01236)





Vestal v Pontillo


2018 NY Slip Op 01236


Decided on February 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2018

524960

[*1]ERIN P. VESTAL, Respondent-Appellant,
v
MICHAEL C. PONTILLO et al., Appellants-Respondents, et al., Defendant.

Calendar Date: January 10, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and Pritzker, JJ.


Keidel, Weldon & Cunningham, LLP, White Plains (Howard S. Kronberg of counsel), for Michael C. Pontillo and another, appellants-respondents.
Bond, Schoeneck & King, PLLC, Albany (Ryan P. Keleher of counsel), for Hudson Heritage Capital Management, Inc., appellant-respondent.
Gleason, Dunn, Walsh & O'Shea, Albany (Thomas F. Gleason of counsel), for respondent-appellant.


Devine, J.

MEMORANDUM AND ORDER
Cross appeal from an order of the Supreme Court (Platkin, J.), entered February 17, 2017 in Albany County, which, among other things, partially denied motions by defendants Michael C. Pontillo, Hudson Heritage Group, Inc. and Hudson Heritage Capital Management, Inc. to dismiss the complaint against them.
Plaintiff's husband (hereinafter decedent) reached out to his brother-in-law and financial advisor, defendant Michael C. Pontillo, to obtain additional term life insurance coverage. Pontillo acted as the writing agent in applying for a $5 million term life insurance policy from defendant ReliaStar Life Insurance Company that would name plaintiff as beneficiary. Decedent completed a medical examination questionnaire as part of the application that contained misstatements of fact. The policy was issued in 2011 and, when decedent passed away less than two years later, plaintiff made a claim for the insurance proceeds. ReliaStar denied the claim, determining that decedent's failure to disclose on the medical questionnaire a history of substance abuse treatment and cocaine use constituted material misrepresentations warranting rescission of the policy.
Plaintiff responded by commencing this action against Pontillo and his alleged employers, defendants Hudson Heritage Group, Inc. (hereinafter HHG) and Hudson Heritage Capital Management, Inc. (hereinafter HHCM), as well as against ReliaStar. She asserted several claims against Pontillo, HHG and/or HHCM that, while sounding in different theories of liability, all relate to Pontillo's alleged submission of a fatally inaccurate insurance application while representing to plaintiff that the policy issued upon it was valid. In lieu of serving an answer, HHCM moved to dismiss the claims against it as failing to state a cause of action (see CPLR 3211 [a] [7]) and precluded by documentary evidence (see CPLR 3211 [a] [1]). Pontillo and HHG served an answer, then moved to dismiss the complaint against them on the same grounds. Supreme Court granted the motions in part, dismissing the claim against Pontillo, HHG and HHCM for breach of contract and the claim against HHG and HHCM for their negligent hiring, supervision and retention of Pontillo. Supreme Court denied the motions insofar as they sought to dismiss plaintiff's claims for breach of fiduciary duty, negligence, negligent misrepresentation and concealment of material facts and fraud. Pontillo, HHG and HHCM appeal, and plaintiff cross-appeals.
"On a motion to dismiss under CPLR 3211, the pleading is to be given a liberal construction, the allegations contained within it are assumed to be true and the plaintiff is to be afforded every favorable inference" (Simkin v Blank, 19 NY3d 46, 52 [2012] [citation omitted]; see Graven v Children's Home R.T.F., Inc., 152 AD3d 1152, 1153 [2017]). Allegations contained in an affidavit submitted by the plaintiff may likewise be used to remedy any defects in the complaint that would otherwise fail to state a claim (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Muncil v Widmir Inn Rest. Corp., 155 AD3d 1402, 1403 [2017]). The liberal construction and favorable inferences to which a plaintiff is entitled will nevertheless fail to save claims that are conclusively refuted by documentary evidence (see CPLR 3211 [a] [1]) or based on indisputably incredible factual allegations (see CPLR 3211 [a] [7]; Simkin v Blank, 19 NY3d at 52; 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002]; Graven v Children's Home R.T.F., Inc., 152 AD3d at 1153).
HHCM argues that the claims against it must be dismissed inasmuch as Pontillo was not its employee, pointing to a representative agreement in which Pontillo is categorized as an independent contractor. HHCM overlooks that such a portrayal does not settle the fact-specific question of whether an employer-employee relationship exists between it and Pontillo (see Carlson v American Intl. Group, Inc., 30 NY3d 288, 301 [2017]; D'Allaird v Markline Sales, Inc., 104 AD3d 1110, 1112 [2013]). Even without the benefit of discovery, plaintiff produced proof that Pontillo used office resources at HHCM's headquarters in contravention of the representation agreement, corresponded using a HHCM email address and had HHCM business cards and letterhead. The assertion that HHCM is liable for Pontillo's conduct as his employer is not, as a result, conclusively debunked by the representation agreement (see Carlson v American Intl. Group, Inc., 30 NY3d at 301; Hernandez v Chefs Diet Delivery, LLC, 81 AD3d 596, 598-599 [2011]; see also Layden v Plante, 101 AD3d 1540, 1542-1543 [2012]).
As for HHCM's assertion that Pontillo could not have sold term life insurance under its banner, HHCM provided its membership agreement with the Financial Industry Regulatory Authority in which the needed authorization to engage in the sale of term life insurance is absent. Plaintiff responded with a HHCM brochure proclaiming that HHCM offers "[t]erm, [w]hole, [u]niversal and [v]ariable" life insurance products, as well as another HHCM brochure referencing insurance sales through its "affiliated insurance agency" HHG. Accordingly, in light of the conflicting documentary proof and the unclear relationship between HHCM and HHG, HHCM has not demonstrated its entitlement to dismissal on the ground that it could not have had any connection to the ReliaStar policy (see Barnes v Dungan, 261 AD2d 797, 799 [1999]).
Turning to the arguments advanced in the motion of Pontillo and HHG, to which HHCM joins, they assert that only decedent, as the owner of the ReliaStar policy, had standing to recover for any alleged negligence in applying for it [FN1]. "'[A]n obligation rooted in contract may engender a duty owed to those not in privity' but, as a general rule, privity or its equivalent remains the predicate for imposing liability for nonperformance of contractual obligations" (Henry v Guastella & Assoc., 113 AD2d 435, 437 [1985], lv denied 67 NY2d 605 [1986], quoting Strauss v Belle Realty Co., 65 NY2d 399, 402 [1985]; see Leavitt-Berner Tanning Corp. v American Home Assur. Co., 129 AD2d 199, 202 [1987], lv denied 70 NY2d 609 [1987]). Accordingly, "where an insurance agent's negligence causes an insured to be without coverage, the agent cannot be held liable for damages sustained by an injured third party as a consequence thereof . . . [if] the third party is not in privity with the agent and is not an intended beneficiary of the insurance contract" (Pressman v Warwick Ins. Co., 213 AD2d 386, 387-388 [1995]; see Henry v Guastella & Assoc., 113 AD2d at 438-439).
Plaintiff was the intended beneficiary of the ReliaStar policy from the moment when decedent applied for the policy. She further alleged that she was linked to Pontillo by his status as a family member and trusted financial advisor and that Pontillo knew not only that the policy was intended to ensure plaintiff's financial well-being in the event of decedent's death, but that she would rely upon his expertise in preparing a valid application for it. Accepting these allegations as true, they show "an affirmative assumption of a duty of care to a specific party, [plaintiff,] for a specific purpose, regardless of whether there was a contractual relationship" (Credit Alliance Corp. v Arthur Andersen & Co., 65 NY2d 536, 548-549 [1985]; see Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417, 425 [1989]; Glanzer v Shepard, 233 NY 236, 238-239 [1922]; cf. Murphy v Kuhn, 90 NY2d 266, 271-272 [1997]). As Supreme Court correctly determined, this alleged "reliance by . . . plaintiff that was 'the end and aim of the transaction'" (Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d at 425, quoting Glanzer v Shepard, 233 NY at 238-239) constituted "a relationship so close as to approach that of privity" and created a duty of care toward her that permitted a negligence claim against Pontillo and his purported employers (Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d at 424; see Dominion Fin. Corp. v Asset Indem. Brokerage Corp., 60 AD3d 461, 461-462 [2009]; Fortino v Hersh, 307 AD2d 899, 899-900 [2003]).
Turning to the attacks of Pontillo and HHG upon plaintiff's claims for negligent misrepresentation and concealment of material facts and fraud, "[r]easonable reliance on the alleged misrepresentations is a necessary element of both fraudulent and negligent misrepresentation" (Ruffino v Neiman, 17 AD3d 998, 1000 [2005], appeal dismissed 5 NY3d 823 [2005], lv denied 6 NY3d 705 [2006]; see Hobler v Hussain, 111 AD3d 1006, 1007 [2013]). Plaintiff does not assert that Pontillo directly vouched for the policy's validity, instead pointing to his act of delivering the application and policy documents to both decedent and her as an assurance that it had been issued upon an accurate application and was valid. Even accepting those allegations as true, however, the most that could reasonably be taken from the act of delivery was that an application had been submitted to, and a policy issued by, ReliaStar. The policy documents explicitly allowed ReliaStar, within two years of the policy's issuance, to contest the validity of the policy upon the ground of material misrepresentations in the [*2]application. Had plaintiff, an attorney, reviewed the delivered policy documents, she could easily have discovered the threat that decedent's obvious misstatements in the application posed under the terms of the policy. "[W]here the alleged misrepresentations conflict with the terms of a written agreement, there can be no reasonable reliance as a matter of law" and, accordingly, Supreme Court should have dismissed the claims for negligent misrepresentation and fraud against Pontillo and HHG (Ruffino v Neiman, 17 AD3d at 1000; see Pinney v Beckwith, 202 AD2d 767, 768-769 [1994]; Bango v Naughton, 184 AD2d 961, 963 [1992]).[FN2]
The final contention of Pontillo and HHG is that plaintiff's breach of fiduciary duty claim is time-barred. In the absence of a viable fraud claim, the statute of limitations applicable to a breach of fiduciary duty claim seeking to recover damages for injury to property is three years (see CPLR 214 [4]; State of N.Y. Workers' Compensation Bd. v Wang, 147 AD3d 104, 111 [2017]). The claim accrues as soon as it "becomes enforceable, i.e., when all elements of the tort can be truthfully alleged in a complaint" and, because damages are an element of a breach of fiduciary duty claim, that occurs when actual damage has been sustained (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993]; accord IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 140 [2009]). The damages from any breach of fiduciary duty in obtaining a valid policy arose when ReliaStar determined that the policy had never been in force and denied plaintiff's claim in December 2015 (see Bond v Progressive Ins. Co., 82 AD3d 1318, 1321 [2011]). This action was commenced days later, rendering timely the breach of fiduciary duty claim.
Turning to plaintiff's cross appeal, she argues that her breach of contract claim should not have been dismissed. A breach of contract claim "requires allegations of 'an agreement, performance by one party, failure to perform by the other party and resulting damages'" (Muncil v Widmir Inn Rest. Corp., 155 AD3d at 1404, quoting Hyman v Schwartz, 127 AD3d 1281, 1283 [2015]). Plaintiff alleged that decedent entered into an
agreement with Pontillo, HHG and HHCM to act in "accordance with reasonable insurance professional standards to obtain life insurance coverage . . . that would protect [p]laintiff's financial interests" and received consideration for such. For purposes of their motion, Pontillo and HHG did not dispute that plaintiff was a third-party beneficiary of this agreement, giving her "the same rights as [decedent,] who purchased the coverage" (Silinsky v State-Wide Ins. Co., 30 AD2d 1, 5 [1968]). A term life insurance policy was obtained and, because the viability of that policy was imperiled by decedent's own conduct in making misrepresentations on the application, he could not have plausibly claimed that Pontillo, HHG and HHCM breached the agreement (see Ward v Melis, 28 AD3d 970, 971 [2006]; Hidden Meadows Dev. Co. v Parmelee's Forest Prods., 289 AD2d 642, 644 [2001]). Plaintiff stands in decedent's shoes on her breach of contract claim and, as a result, Supreme Court properly dismissed it.
McCarthy, J.P., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendants Michael C. Pontillo and Hudson Heritage Group, Inc. to dismiss the causes of action for negligent misrepresentation and concealment of material facts and fraud; motion granted to that extent; and, as so modified, affirmed.



Footnotes

Footnote 1: Pontillo, HHG and HHCM focus upon plaintiff's tort claims, conceding that she sufficiently alleged her status as a third-party beneficiary with regard to her claims sounding in contract. 

Footnote 2: To the extent that plaintiff's claims allege concealment rather than misrepresentation, they also fail in the absence of justifiable reliance by plaintiff on any alleged omissions (see ACA Fin. Guar. Corp. v Goldman, Sachs & Co., 25 NY3d 1043, 1044 [2015]).