■ MS PARTNERSHIP, Respondent-Appellant, v WAL-MART STORES, INC., et al., Defendants, and EDGEWATER CONSTRUCTION COMPANY, INC., et al., Respondents, and BERNIER, CARR & ASSOCIATES, P.C., Appellant-Respondent. [741 NYS2d 793] —Appeal and cross appeal from an order of Supreme Court, Jefferson County (Gilbert, J.), entered May 31, 2001, which denied in part the motion of defendant Bernier, Carr & Associates, P.C. seeking summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion of defendant Bernier, Carr & Associates, P.C. seeking summary judgment dismissing the negligence cause of action against it and dismissing that cause of action against it and as modified the order is affirmed without costs.

Memorandum: Supreme Court erred in denying that part of the motion of defendant Bernier, Carr & Associates, P.C. (Bernier Carr) seeking summary judgment dismissing the negligence cause of action against it. Plaintiff purchased property in Watertown leased to defendant Wal-Mart Stores, Inc. (Wal-Mart) to house a Sam's Club. Bernier Carr was the local architect and engineer retained by the builder to perform "site work." In addition, Bernier Carr was retained by the bank financing the project to perform monthly inspections with respect to the disbursements of the construction loan. Bernier Carr signed a "Certificate of Substantial Completion" (certificate) at the request of the owner of the premises, defendant 81 & 3 of Watertown, Inc. (81 & 3), from whom plaintiff's predecessor in interest purchased the property. The certificate was presented at the sale of the property from 81 & 3 to plaintiff's predecessor in interest as part of the closing documents. Shortly after plaintiff's purchase of the property, the tenant, Wal-Mart, complained to plaintiff regarding certain defects in the building that housed the Sam's Club store. Plaintiff thereafter commenced this action alleging, inter alia, that Bernier Carr is liable for negligently misrepresenting that the building was "substantially completed in accordance with the Plans, upon which said Building Permit was issued."

The court erred in refusing to dismiss the negligence cause of action against Bernier Carr based on its determination that there is an issue of fact whether the requisite functional equivalent of privity exists between plaintiff and Bernier Carr so as to permit recovery for pecuniary loss arising from negligent misrepresentation (*cf. Kidd v Havens*, 171 AD2d 336, 338-342). We conclude that Bernier Carr met its initial burden by establishing as a matter of law that the relationship between Bernier Carr and plaintiff was not the functional equivalent of privity, and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). "In defining a defendant's duty to plaintiff in circumstances in which the parties are not in privity, the focus is upon the nature of the transaction. * * * [I]n order for liability to attach, there must be: '(1) awareness that the [certificate was] to be used for a particular purpose or purposes; (2) reliance by a known party or parties in furtherance of that purpose; and (3) some conduct by the defendant[ ] linking [it] to [plaintiff] and evincing defendant's * * * understanding of [plaintiff's] reliance.' * * * [F]or defendant[ ] to be liable, reliance by plaintiff upon the representation must be 'the end and aim of the transaction,' rather than an 'indirect or collateral' consequence of it" (*Kidd*, 171 AD2d at 339; *see State of California Pub. Employees' Retirement Sys. v Shearman & Sterling*, 95 NY2d 427, 434; *Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 382, *rearg denied* 81 NY2d 955; *Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417, 424). Bernier Carr established that the certificate was prepared for 81 & 3 in order to obtain authorization from Jefferson County to occupy the building and that Bernier Carr was not aware that the certificate would be used for the benefit of a subsequent purchaser (*cf. Kidd*, 171 AD2d at 341-342). Contrary to the contention of defendant Edgewater Construction Company, Inc., the fact that it may have been foreseeable that a purchaser would rely upon the certificate is not dispositive of this issue (*see Anderson LaRocca Anderson*, 73 NY2d at 424-425).

We have considered the remaining contentions of the parties and conclude that they are without merit. Present—Green, J.P., Wisner, Hurlbutt, Scudder and Lawton, JJ.