■ MERCHANTS INSURANCE COMPANY OF NEW HAMPSHIRE, INC., Respondent, v THE GAGE AGENCY, INC., et al., Appellants, and IROQUOIS SERVICES CORP., Respondent. [801 NYS2d 859]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered August 25, 2004. The order, insofar as appealed from, denied the motion of defendants The Gage Agency, Inc., Claire S. Gage and Herbert L. Gage, Jr. for summary judgment dismissing the complaint against them and granted in part the cross motion of defendant Iroquois Services Corp.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion and dismissing the complaint against defendants The Gage Agency, Inc., Claire S. Gage and Herbert L. Gage, Jr. and as modified the order is affirmed without costs.

Memorandum: Plaintiff issued an automobile insurance policy to F. Edward Devitt and Mary C. Devitt based on an application signed by F. Edward Devitt as the applicant and defendant Claire S. Gage as the producer (i.e., the agent). In a separate proceeding concerning the validity of the policy, Supreme Court concluded that the undisputed misrepresentations in the application were "substantial and would have resulted in the policy not being issued had the [plaintiff] been aware of them." The court further concluded, however, that the Devitts' son, who was making a claim on the policy, was "an innocent injured party and [was] entitled to the protections of . . . the insurance policy." Plaintiff settled the claim with the Devitts' son and thereafter commenced this action against, inter alia, The Gage Agency, Inc., Claire Gage and Herbert L. Gage, Jr. (collectively, defendants) seeking to recover the amount it paid on the policy.

Before plaintiff had the opportunity to depose Claire and Herbert Gage, defendants moved for summary judgment dismissing the complaint against them, and defendant Iroquois Services Corp. (Iroquois) cross-moved for summary judgment

dismissing the complaint or, alternatively, for a conditional order of indemnification against defendants. The court denied defendants' motion and that part of the cross motion of Iroquois seeking dismissal of the complaint against it but granted that part of its cross motion seeking a conditional order of indemnification against defendants. We conclude that the court should have granted the motion of defendants for summary judgment dismissing the complaint against them, and we therefore modify the order accordingly. We note that defendants do not contend on appeal that the court erred in granting that part of the cross motion of Iroquois seeking a conditional order of indemnification against them and thus are deemed to have abandoned their appeal from that part of the order (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

With respect to the first cause of action, for "negligence and/or professional irresponsibility," we agree with defendants that, because they were the agents of the insured, they owed no duty to plaintiff insurer unless there was privity of contract or a "relationship sufficiently approaching privity" (*Utica First Ins. Co. v Floyd Holding*, 294 AD2d 351, 352 [2002], *lv dismissed* 98 NY2d 764 [2002]; *see Point O'Woods Assn. v Those Underwriters at Lloyd's, London Subscribing to Certificate No. 6771*, 288 AD2d 78, 79 [2001], *lv denied* 98 NY2d 611 [2002]; *see also Home Mut. Ins. Co. v Broadway Bank & Trust Co.*, 53 NY2d 568, 574 [1981]; *cf. Panepinto v Allstate Ins. Co.*, 108 Misc 2d 1079, 1081-1082 [1981]). We also agree with defendants that there was neither privity of contract nor a special relationship sufficiently approaching privity (*cf. Chaikovska v Ernst & Young*, 21 AD3d 1324 [2005]). The existence of a special relationship requires " '(1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance' " (*Parrott v Coopers & Lybrand*, 95 NY2d 479, 484 [2000], quoting *Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 384, *rearg denied* 81 NY2d 955 [1993]). The requisite special relationship does not exist here because the misrepresentations were in the application for insurance signed by the insured. Claire Gage, as the agent, merely represented that the insured's signature was bona fide. Thus, despite the fact that plaintiffs had not yet deposed Claire and Herbert Gage, we conclude that the court should have granted that part of the motion of defendants seeking summary judgment dismissing the first cause of action against them.

With respect to the second cause of action, seeking contractual

indemnification from defendants and Iroquois based on an indemnification clause contained in the "Agency Agreement" between plaintiff and Iroquois, we agree with defendants that, despite the fact that Claire and Herbert Gage were not yet deposed, defendants were entitled to summary judgment dismissing that cause of action against them as well. Pursuant to the "Agency Agreement," Iroquois agreed to indemnify plaintiff for, inter alia, loss caused by its mishandling of any matter on behalf of plaintiff or any act or omission of Iroquois "in violation of any applicable law or rule." Defendants, however, were not parties to that agreement, nor did they otherwise have a contractual obligation to indemnify plaintiff. Present—Pigott, Jr., P.J., Gorski, Martoche, Pine and Lawton, JJ.