■ U.S. UNDERWRITERS INSURANCE COMPANY, as Subrogee of LSC Builders Corp., Respondent, v MEENAN OIL CO., INC., et al., Appellants. [891 NYS2d 416]—

In an action to recover damages for negligence, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated February 4, 2009, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff is an insurance company which insured a house which had been purchased by its subrogor LSC Builders Corp. (hereinafter the buyer) from the sellers on January 30, 2006. The sellers had a contract with the defendant Meenan Oil Co., Inc. (hereinafter Meenan), to deliver fuel oil to the property and to service the system. The last delivery of oil under this contract was made on January 16, 2006. A reading of the 275-gallon oil tank on January 27, 2006 by a Meenan employee allegedly showed 200 gallons of oil in the tank. The sellers cancelled their contract on that same date. The sellers remained in the home for two weeks after the January 30, 2006 closing. No oil deliveries were made by Meenan during this time. However, on February 13, 2006, a Meenan employee, the defendant Brian Corinia, took another reading of the oil tank, and reported that the tank showed 208 gallons of oil remaining at that time. A tank measurement heating certificate to that effect was delivered by Meenan to the sellers, who in turn gave it to the buyer. After the sellers left the house, it remained unoccupied. On March 2, 2006 the buyer became aware that the pipes in the house had frozen and burst, resulting in extensive damage to the property. The plaintiff paid the buyer pursuant to the insurance policy and then commenced this action seeking damages, inter alia, based upon the defendants' alleged negligence. The plaintiff claimed that the pipes burst because the heating system had run out of fuel; that Meenan had misread and misreported the amount of oil in the tank on February 13, 2006; and that the buyer had relied on that erroneous reading and thus did not purchase additional oil. Both sides moved for summary judgment. The Supreme Court denied both motions, stating that there were "issues of fac[t], including whether the tank reading by the defendants on February 13, 2006 of 208 gallons was inaccurate." The defendants appeal.

The defendants demonstrated their prima facie entitlement to judgment as a matter of law, and the plaintiff failed to raise a

triable issue of fact in opposition thereto. To the extent that the complaint seeks damages predicated upon a cause of action sounding in negligence, it must be shown that the defendants owed a duty to the plaintiff and that said duty was breached. However, even assuming that the defendants inaccurately read the oil level in the tank, the fact remains that while there was a contractual relationship between the defendants and the sellers of the property, no cognizable legal relationship ever existed between the plaintiff or its subrogee and the defendants. In the absence of such a relationship, the defendants owed no duty to the plaintiff, and thus cannot be liable in negligence. It is settled that "in the absence of duty, there is no breach and without a breach there is no liability" (*Pulka v Edelman*, 40 NY2d 781, 782 [1976]; *see also Akins v Glens Falls City School Dist.*, 53 NY2d 325 [1981]; *Kimbar v Estis*, 1 NY2d 399 [1956]).

Similarly, to the extent that the complaint asserts a cause of action to recover damages for negligent misrepresentation, the defendants showed that the plaintiff cannot establish the necessary criteria for such a claim. It is settled that proof of a relationship " 'so close as to approach that of privity' may be a valid predicate for imposing liability upon a defendant for negligent misrepresentations that harm noncontracting parties" (*Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d 85, 105 [2009], quoting *Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 546 [1985]). Here, there was no such relationship between the parties. Nor is there any indication that the defendants were aware that its measure of the oil in the tank or its tank measurement heating certificate, which was delivered to the sellers of the house, would be relied upon and utilized by the buyer of the house to forgo the purchase of oil (*see MS Partnership v Wal-Mart Stores*, 294 AD2d 853 [2002]). Indeed, the certificate itself indicates that its purpose was for monetary adjustments to be made at the time of closing.

Consequently, the defendants were entitled to summary judgment dismissing the complaint (*see Wong v Gottbetter*, 18 AD3d 541 [2005]; *see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]). Skelos, J.P., Covello, Santucci and Balkin, JJ., concur.