■ Mark R. Boyer, Respondent, v Arvind G. Kamthan et al., Defendants, and Radiologic Associates, P.C., et al., Appellants. [13 NYS3d 653]—

Clark, J. Appeal from a judgment of the Supreme Court (Gilpatric, J.), entered March 3, 2014 in Ulster County, upon a verdict rendered in favor of plaintiff.

In February 2008, on account of his persistent malaise,

plaintiff's primary care physician and oncologist—defendants Raymond Basri and Arvind G. Kamthan, respectively—ordered several radiologic studies, including a CT scan, to be conducted at defendant Orange Regional Medical Center (hereinafter ORMC). ORMC contracted out its radiologic services to defendant Radiologic Associates, P.C. (hereinafter RAPC). Susan Beatty—a radiologist employed by RAPC—interpreted the February CT scan and reported the presence of masses in plaintiff's lungs, the biopsy of which revealed non-Hodgkin's lymphoma. Beatty's report made no mention, however, of the presence of a tumor in plaintiff's spine. In early March 2008, plaintiff began experiencing persistent and severe back pain. More radiologic studies were ordered, including a CT scan of plaintiff's abdomen and pelvis on March 6, 2008, and a full-body PET scan on March 8, 2008, both of which were administered at ORMC. On March 10, 2008, defendant Lisa A. Fisher—a radiologist also employed by RAPC—interpreted the March CT scan and the PET scan with reference to the February CT scan and confirmed that plaintiff had a tumor on his spine. Also on March 10, 2008, plaintiff lost sensation in, and the ability to move, his legs and underwent an emergency spinal surgery the next day.

In July 2010, plaintiff commenced the instant medical malpractice action against ORMC and RAPC (hereinafter collectively referred to as defendants), among others. After service of plaintiff's expert disclosures, RAPC and Fisher unsuccessfully moved for summary judgment dismissing the complaint. After a flurry of additional motion practice, the parties proceeded to trial where a jury found RAPC negligent on a theory of vicarious liability for the conduct of one of its employees, while ORMC and Fisher were found not to be negligent. Thereafter, RAPC unsuccessfully moved to set aside the verdict based on legal insufficiency of the evidence and that the verdict was against the weight of the evidence, but was successful in securing a reduction of the jury's award for loss of past income. Plaintiff also moved for an interlocutory judgment against RAPC and an order ruling that ORMC is liable as a matter of law for RAPC's vicarious liability, which motions the court granted. Defendants now appeal.

First, we disagree with defendants' contention that Supreme Court erred by allowing plaintiff to introduce evidence supporting a theory of liability during the trial that was not explicitly set forth in his complaint and bills of particulars. Generally, a party is limited to presenting evidence at trial that supports a cause of action or theory of recovery that was either pleaded in the complaint or asserted in the bill of particulars (*see Acunto*

*v Conklin*, 260 AD2d 787, 788 [1999]). However, evidence concerning a specific theory or injury not mentioned in the bill of particulars may nonetheless avoid exclusion where such proof necessarily flows from the information conveyed in the pleadings and where the defendants should have been aware of the basis thereof (*see Sherry v North Colonie Cent. School Dist.*, 39 AD3d 986, 991 [2007]; *D'Angelo v Bryk*, 205 AD2d 935, 936-937 [1994]; *Van Derzee v Knight-Ridder Broadcasting*, 185 AD2d 1011, 1011 [1992]).

The contested theory of liability in this case is based on the allegedly erroneous interpretation of plaintiff's February CT scan by Beatty (hereinafter referred to as the Beatty theory). It is worth noting that, because the complaint and bills of particulars do not contain an express articulation of the Beatty theory, the better practice certainly would have been for plaintiff to seek leave to amend his pleadings in advance of trial or at least have moved to conform the pleadings to the proof after the trial was underway. However, we nonetheless find that Supreme Court's determinations allowing plaintiff to advance the Beatty theory at trial, including permitting plaintiff's expert to offer testimony on the theory, do not constitute reversible error. In our view, the complaint—which generally alleges that RAPC was directly and vicariously negligent—as well as plaintiff's expert disclosures and the expert affidavit submitted in opposition to Fisher and defendants' motion for summary judgment—both of which reference the February CT scan as a basis for a departure from accepted medical practice—were sufficient to notify defendants of the Beatty theory and, as such, permit that theory of liability to be advanced at trial without prejudice. Simply put, we are unpersuaded by defendants' position that they were not aware of the Beatty theory as a basis for a potential finding of medical malpractice.

With that said, however, we nonetheless find that a new trial is warranted. Keeping in mind the foregoing circumstances and the somewhat-murky theories of liability, plaintiff did not prove that RAPC acted willfully, deliberately or contumaciously in omitting from its expert disclosure its intent to call an expert who would testify about the Beatty theory so as to warrant the drastic remedy of preclusion of RAPC's medical expert (*see* CPLR 3126 [2]; *Abselet v Satra Realty, LLC*, 85 AD3d 1406, 1407-1408 [2011]; *Armstrong v Armstrong*, 72 AD3d 1409, 1410-1411 [2010]; *compare BDS Copy Inks, Inc. v International Paper*, 123 AD3d 1255, 1256-1257 [2014]). In light of the determination that plaintiff could advance proof of the Beatty the-

ory, it was an improvident exercise of Supreme Court's discretion to preclude RAPC's medical expert from testifying to facts bearing upon, or possibly rebutting, such theory of liability. Accordingly, we modify Supreme Court's judgment and remit the matter for a new trial with respect to defendants. Defendants' remaining contentions, therefore, have been rendered academic.

Lahtinen, J.P., Garry and Lynch, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as found defendant Radiologic Associates, P.C. negligent on a theory of vicarious liability and as granted plaintiff's posttrial motion finding defendant Orange Regional Medical Center liable for Radiologic Associates' vicarious liability; matter remitted to the Supreme Court for a new trial against said defendants, with costs to abide the event; and, as so modified, affirmed.