Vestal v Pontillo (2020 NY Slip Op 02956)





Vestal v Pontillo


2020 NY Slip Op 02956


Decided on May 21, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 21, 2020

527315

[*1]Erin P. Vestal, Appellant,
v
Michael C. Pontillo et al., Respondents.

Calendar Date: March 23, 2020

Before: Egan Jr., J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Gleason, Dunn, Walsh & O'Shea, Albany (Thomas F. Gleason of counsel), for appellant.
Keidel, Weldon & Cunningham, LLP, White Plains (Howard S. Kronberg of counsel), for Michael C. Pontillo and another, respondents.
Bond, Schoeneck & King, PLLC, Albany (Ryan P. Keleher of counsel), for Hudson Heritage Capital Management, Inc., respondent.
Lemery Greisler LLC, Albany (David T. McDowell of McDowell Hetherington LLP, Houston, Texas, admitted pro hac vice), for ReliaStar Life Insurance Company of New York, respondent.



Clark, J.
Appeal from an order of the Supreme Court (Platkin, J.), entered August 2, 2018 in Albany County, which granted defendants' motions for summary judgment dismissing the complaint.
In early 2011, plaintiff's late husband (hereinafter decedent) sought assistance from his brother-in-law, defendant Michael C. Pontillo, in procuring life insurance. At the time, Pontillo was a life insurance salesperson for defendant Hudson Heritage Group, Inc. (hereinafter HHG), as well as a financial investment advisor for defendant Hudson Heritage Capital Management, Inc. (hereinafter HHCM). Following decedent's completion of an application, which included a medical examination questionnaire, defendant ReliaStar Life Insurance Company of New York issued decedent a $5 million term life insurance policy, which named plaintiff as the beneficiary. In March 2013, prior to the expiration of the two-year contestability period (see Insurance Law § 3203 [a] [3]), decedent was found dead in a hotel room during a business trip. His cause of death was determined to be most likely due to complications arising out of excessive alcohol consumption. Roughly two years later, plaintiff submitted a claim to ReliaStar seeking payment of decedent's life insurance benefits. ReliaStar denied the claim after an investigation, finding that decedent had made material misrepresentations in response to several questions on his medical examination questionnaire.
Plaintiff commenced this action, seeking a declaration that ReliaStar was required to pay her the stated death benefit of $5 million under the policy, as well as an award of damages based on her allegation that Pontillo knew of decedent's alcohol and drug abuse and failed to advise her that, as a result of such abuse, decedent would not meet the underwriting guidelines to obtain life insurance. ReliaStar answered and asserted a counterclaim, seeking a declaration that the policy was null, void and rescinded ab initio. In lieu of answering, HHCM moved for dismissal of the claims against it. Pontillo and HHG joined issue and, then, similarly moved for dismissal of the complaint against them. Supreme Court granted the motions to the extent of dismissing plaintiff's claim against Pontillo, HHG and HHCM for breach of contract, as well as her claim against HHG and HHCM for negligent hiring, supervision and retention of Pontillo, but otherwise denied the motions. Pontillo, HHG and HHCM appealed, and plaintiff cross-appealed. In a February 2018 order, this Court modified Supreme Court's order by dismissing plaintiff's causes of action for fraud and negligent misrepresentation and concealment of material facts, insofar as asserted against Pontillo and HHG, and, as so modified, affirmed (158 AD3d 1036, 1040 [2018]). HHCM thereafter joined issue and discovery was completed. HHG and Pontillo moved for summary judgment dismissing the complaint, and HHCM and ReliaStar separately moved for the same relief. Supreme Court granted defendants' respective motions, prompting this appeal by plaintiff.
Initially, plaintiff mistakenly asserts that certain statements made by this Court in its February 2018 order constitute the law of the case and, therefore, could not be contested in the context of defendants' summary judgment motions. However, the law of the case doctrine does not apply where, as here, a motion for summary judgment follows a motion to dismiss that was not converted to a motion for summary judgment (see J.P. Morgan Sec., Inc. v Vigilant Ins. Co., 166 AD3d 1, 8 [2018]; Rosen v Mosby, 148 AD3d 1228, 1233 [2017], lv dismissed 30 NY3d 1037 [2017]; Moses v Savedoff, 96 AD3d 466, 468 [2012]). Thus, contrary to plaintiff's contention, this Court's prior findings, which were limited to determining whether plaintiff's allegations withstood a motion to dismiss, do not have preclusive effect (see Rosen v Mosby, 148 AD3d at 1233).
Turning to the merits, plaintiff argues that Supreme Court erred in dismissing her claim for declaratory relief and, conversely, in granting ReliaStar's counterclaim for a declaration that the policy is null and void. "An insurer may avoid an insurance contract if the insured made a false statement of fact as an inducement to making the contract and the misrepresentation was material" (Curanovic v New York Cent. Mut. Fire Ins. Co., 307 AD2d 435, 437 [2003]; see Insurance Law § 3105 [a], [b]). "The materiality of an applicant's misrepresentation is ordinarily a factual question[,] unless the insurer proffers clear and substantially uncontradicted evidence concerning materiality, in which event the matter is one of law for the court to determine" (Carpinone v Mutual of Omaha Ins. Co., 265 AD2d 752, 754 [1999] [citations omitted]; see Magie v Preferred Mut. Ins. Co., 91 AD3d 1232, 1234 [2012]).
Plaintiff does not contest that ReliaStar came forward with proof that decedent made multiple misrepresentations on his medical examination questionnaire, which, if answered honestly, would have required him to disclose that he had been prescribed certain medications, had a history of alcohol and drug abuse and had been admitted to the hospital in 2009 for alcohol dependence and cocaine abuse. Plaintiff also does not contest that, on the issue of materiality, ReliaStar proffered clear and uncontradicted evidence that it would not have issued the policy had decedent accurately and truthfully completed the questionnaire.[FN1] Plaintiff instead argues, as she did in Supreme Court, that ReliaStar should be estopped from relying on decedent's misrepresentations to rescind the policy because Pontillo was aware of the misrepresentations and, as an alleged agent of ReliaStar, his knowledge was imputable to ReliaStar. However, as Supreme Court correctly observed, this theory of recovery was not pleaded in the complaint, and we cannot say that the evidence supporting the theory "necessarily flows from the information conveyed in the [complaint]" (Boyer v Kamthan, 130 AD3d 1176, 1177-1178 [2015]; accord Frontier Ins. Co. v Merritt & McKenzie, Inc., 159 AD3d 1156, 1158 [2018]). Plaintiff was therefore precluded from presenting any evidence to support her unpleaded theory of recovery (compare Frontier Ins. Co. v Merritt & McKenzie, Inc., 159 AD3d at 1158; Boyer v Kamthan, 130 AD3d at 1177-1178). As she did not otherwise raise a triable issue of fact or legal defense to ReliaStar's prima facie showing of entitlement to summary judgment, Supreme Court properly dismissed plaintiff's claim for declaratory relief and granted ReliaStar a declaration on its counterclaim.
Plaintiff also challenges Supreme Court's determination to dismiss her claims for breach of fiduciary duty, negligence and respondeat superior against HHCM. In support of its motion for summary judgment seeking dismissal of those claims, HHCM proffered evidence that it and HHG are separate and distinct companies and that decedent's application for life insurance was submitted to ReliaStar through HHG, with Pontillo acting as a "producer appointed [by HHG] to sell term life insurance contracts" and with no involvement whatsoever by HHCM. HHCM also submitted indisputable proof that it is registered with the Financial Industry Regulatory Authority and that, by virtue of its regulatory membership agreement, it is restricted from selling or offering term life insurance to its customers. HHCM further came forward with proof that it was not authorized by ReliaStar to sell term life insurance on its behalf. The foregoing proof, together with other supporting record evidence, constituted prima facie evidence that HHCM did not play a role in procuring the life insurance contract and, thus, could not be held liable for breach of fiduciary duty, negligence and respondeat superior. As HHCM established its prima facie entitlement to summary dismissal of the claims against it, the burden shifted to plaintiff to raise a genuine issue of material fact necessitating a trial (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Cromer v Rosenzweig Ins. Agency Inc., 156 AD3d 1192, 1193 [2017]).
Plaintiff, however, failed to come forward with proof demonstrating the existence of a triable issue of fact relating to HHCM's role in the procurement of decedent's life insurance policy. Plaintiff argues that there are questions of fact as to whether Pontillo was an employee of HHCM or an independent contractor. However, even if we agreed that there were questions of fact in this regard, such questions of fact would be immaterial to the issue of whether HHCM was involved in the procurement process and, thus, would not defeat HHCM's showing of entitlement to summary judgment dismissing the claims against it. As plaintiff did not present any proof "that HHCM actually played any role in selling decedent the [insurance policy]," Supreme Court properly granted HHCM's motion for summary judgment dismissing the claims against it.
Plaintiff further challenges Supreme Court's determination that Pontillo and HHG were entitled to summary judgment dismissing her claims against them for negligence and breach of fiduciary duty. As Supreme Court recognized, plaintiff alleged in her complaint and throughout the action that Pontillo and HHG breached duties of care owed directly to her, rather than to decedent.[FN2] Specifically, plaintiff alleges that Pontillo was aware of decedent's alcohol and drug abuse and had a duty to advise her that, as a result of such abuse, decedent would not satisfy the underwriting guidelines to obtain the requested life insurance policy.
An insurance agent ordinarily does not owe a duty of care to a nonclient; however, where an agent's negligence results in an insured being without coverage, the agent may be liable for damages sustained by an injured third party if the third party was the intended beneficiary of the insurance contract and "the bond between [the agent and the third party is] so close as to be the functional equivalent of contractual privity" (Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417, 419 [1989]; see Vestal v Pontillo, 158 AD3d 1036, 1039 [2018]; Henry v Guastella & Assoc., 113 AD2d 435, 438 [1985], lv denied 67 NY2d 605 [1986]). The functional equivalent of privity may be found, as relevant here, where the defendants are aware that their representations are "to be used for a particular purpose," there was "reliance by a known party or parties in furtherance of that purpose" and there is "some conduct by the defendants linking them to the party or parties and evincing [the] defendant[s'] understanding of their reliance" (Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d at 425; see Credit Alliance Corp. v Arthur Andersen & Co., 65 NY2d 536, 551 [1985], amended 66 NY2d 812 [1985]).
The uncontested evidence established that plaintiff was the intended beneficiary of decedent's life insurance policy and that Pontillo was at least generally aware that decedent's desire to procure the policy was influenced by his eventual plan to start a family with plaintiff. However, plaintiff admitted in her deposition that, although she was involved in decedent's decision to obtain life insurance, she had no direct involvement in the process of securing such insurance, including decedent's decisions as to the carrier, the type of life insurance requested or the amount sought. She also testified that she did not discuss decedent's application or the policy with Pontillo until well after its issuance. Pontillo similarly testified that he did not have any direct dealings with plaintiff regarding procurement of the policy and first discussed the policy with plaintiff after decedent's death. The evidence, including plaintiff's testimony, further established that neither she nor decedent used Pontillo for financial or insurance services prior to the procurement of the policy at issue. In view of this and other record evidence, we agree with Supreme Court that Pontillo and HHG satisfied their prima facie burden of demonstrating that, prior to the issuance of the policy, they did not engage in any conduct that linked them to plaintiff or evidenced their understanding of plaintiff's reliance. Accordingly, as Pontillo and HHG came forward with proof demonstrating the absence of a relationship approaching privity, they established their prima facie entitlement to dismissal of plaintiff's negligence claim against them (see MS Partnership v Wal-Mart Stores, 294 AD2d 853, 854 [2002]; see generally Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d at 425).
The burden thus shifted to plaintiff to raise a triable issue of fact as to the existence of a legal duty owed to her as a result of a relationship between her and Pontillo approaching privity (see MS Partnership v Wal-Mart Stores, 294 AD2d at 854). To that end, plaintiff primarily relied on her familial relationship with Pontillo, who is the husband of decedent's sister, and her status as the intended, albeit revocable, beneficiary of the life insurance policy. However, in the absence of evidence of any conduct by Pontillo and HHG during the procurement process that links them to plaintiff and evinces their understanding of plaintiff's reliance on Pontillo, plaintiff's familial relationship with Pontillo and her beneficiary status are insufficient to support a finding of a relationship approaching privity (see MS Partnership v Wal-Mart Stores, 294 AD2d at 854; Point O'Woods Assn. v Those Underwriters at Lloyd's, London Subscribing to Certificate No. 6771, 288 AD2d 78, 78-79 [2001], lv denied 98 NY2d 611 [2002]). Plaintiff otherwise failed to raise a question of fact that was material to the issue of whether she, as a nonclient, was owed a legal duty.[FN3] Accordingly, Supreme Court properly awarded Pontillo and HHG summary judgment dismissing plaintiff's negligence claim against them (see Parrott v Coopers & Lybrand, 95 NY2d 479, 484-485 [2000]; Marcellus Constr. Co. v Village of Broadalbin, 302 AD2d 640, 641-642 [2003]).
With respect to plaintiff's claim against Pontillo and HHG for breach of fiduciary duty, we note that an arm's length commercial transaction, such as that between an insurance agent and a customer, does not ordinarily give rise to a fiduciary relationship (see EBC I, Inc. v Goldman Sachs & Co., 91 AD3d 211, 214 [2011]; RNK Capital LLC v Natsource LLC, 76 AD3d 840, 841-842 [2010], lv denied 16 NY3d 709 [2011]; Hoffend & Sons, Inc. v Rose & Kiernan, Inc., 19 AD3d 1056, 1057 [2005], affd 7 NY3d 152 [2006]; Paull v First UNUM Life Ins. Co., 295 AD2d 982, 984 [2002]). Furthermore, inasmuch as the uncontested proof established that plaintiff was not involved in the process of procuring the life insurance policy, Pontillo and HHG could not be held to owe plaintiff a fiduciary duty in relation to such procurement. Accordingly, Supreme Court properly granted Pontillo and HHG summary judgment dismissing plaintiff's claim for breach of fiduciary duty.
Finally, given that Pontillo cannot be held liable to plaintiff for negligence or breach of fiduciary duty, plaintiff could not recover against HHG on a theory of respondeat superior (see Salovin v Orange Regional Med. Ctr., 174 AD3d 1191, 1194 [2019]; Lopez v Master, 58 AD3d 425, 425 [2009]). Any of plaintiff's arguments that were not expressly addressed herein are either rendered academic by our determination or have been examined and found to be lacking in merit.
Egan Jr., J.P., Devine, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.



Footnotes

Footnote 1: ReliaStar presented an affidavit from its chief underwriter, who attested that the particular underwriting guidelines used by ReliaStar (attached as exhibits) would have required it to decline decedent's application on two separate grounds and, further, that decedent's undisclosed medical history would have disqualified him from obtaining any life insurance coverage from ReliaStar.

Footnote 2: To the extent that plaintiff argues for the first time on appeal that Pontillo and HHG owed a duty of care to decedent, such argument is not properly before us (see Amica Ins. v Baum, 180 AD3d 1284, 1285 [2020]).

Footnote 3: As Supreme Court aptly noted, "[e]ven if plaintiff had established a near-privity relationship with [Pontillo and HHG] so as to give rise to a duty of care, she offer[ed] no convincing basis for concluding that the duties owed to her as a noncustomer are (or should be) any greater than the duties owed to . . . decedent as the actual customer." The evidence established that Pontillo and HHG procured the precise life insurance coverage requested by decedent (see generally Murphy v Kuhn, 90 NY2d 266, 270 [1997]) and that it was decedent who misrepresented his medical history in his medical examination questionnaire.