Smith v NGM Ins. Co. (2023 NY Slip Op 05815)

Smith v NGM Ins. Co.

2023 NY Slip Op 05815

Decided on November 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

680 CA 22-00930

[*1]MICHELLE SMITH, PLAINTIFF-APPELLANT,
v
NGM INSURANCE COMPANY, THE MAIN STREET AMERICA GROUP, DAVE MCMAHON INSURANCE AGENCY, INC., AND DEFOREST GROUP, INC., DEFENDANTS-RESPONDENTS. 

CAMPBELL & ASSOCIATES, HAMBURG (JASON M. TELAAK OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HURWITZ FINE P.C., BUFFALO (AGNIESZKA A. WILEWICZ OF COUNSEL), FOR DEFENDANTS-RESPONDENTS NGM INSURANCE COMPANY AND THE MAIN STREET

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered May 26, 2022. The order granted the motions of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion of defendant Dave McMahon Insurance Agency, Inc., and reinstating the complaint against that defendant, and as modified the order is affirmed without costs.
Memorandum: Plaintiff and her husband, nonparty Josh Smith (Smith), were involved in a single vehicle accident that occurred while Smith was driving, causing plaintiff, the front-seat passenger, serious physical injuries. The vehicle was insured under a commercial automobile policy issued by defendants NGM Insurance Company and The Main Street America Group (collectively, MSA defendants). In anticipation of bidding on a certain painting contract, Smith had contacted defendant Dave McMahon Insurance Agency, Inc. (DMIA), to obtain all of the necessary insurance required by that contract. DMIA had a "Partner Program Services Agreement" with an "insurance aggregator," defendant DeForest Group, Inc. (DeForest), and would forward applications for insurance to DeForest. DeForest would then procure insurance proposals for DMIA's customers. As a result of the efforts of DMIA and DeForest, Smith obtained several commercial insurance policies from the MSA defendants, including the subject commercial automobile policy. Smith and plaintiff believed that those policies contained provisions for supplemental spousal liability (SSL) coverage.
After the MSA defendants denied coverage for plaintiff, she commenced this action alleging, inter alia, that the insurance policies issued by the MSA defendants contained SSL coverage and that, as a result, the MSA defendants breached the insurance contract with Smith, and breached the duty of good faith and fair dealing. With respect to DeForest and DMIA, plaintiff contended that they breached their contractual obligations to procure SSL coverage and were negligent in failing to procure SSL coverage. Thereafter, plaintiff commenced a personal [*2]injury action against Smith, and she was ultimately awarded a judgment against him.
Defendants filed separate motions in this action seeking summary judgment dismissing the complaint against them. They contended, among other things, that they had no obligation to provide insurance benefits to plaintiff because none of the insurance policies contained an SSL provision and plaintiff was not an intended third-party beneficiary of the insurance policies and lacked the requisite privity with them to maintain the action. Supreme Court granted the motions insofar as they sought summary judgment dismissing the complaint against defendants, and plaintiff now appeals.
Contrary to plaintiff's contentions, DeForest and the MSA defendants met their initial burdens on their motions of establishing as a matter of law that the policies at issue did not contain any SSL provisions, that no SSL premiums were paid on any policy and that they never received any request for such coverage related to Smith's policies. " '[I]n the absence of an express provision in an insured's policy, a carrier is not required to provide insurance coverage for injuries sustained by an insured's spouse' " (Metropolitan Group Prop. v Kim, 127 AD3d 943, 945 [2d Dept 2015]). Plaintiff failed to raise any triable issue of fact in opposition to those defendants' motions. Plaintiff's belief that there was coverage does not establish any legal basis to recover from those defendants on nonexistent insurance coverage. Despite their belief that they had paid extra premiums for SSL coverage, the record establishes that plaintiff and Smith were never billed for such insurance coverage. Although plaintiff submitted deposition testimony and affidavits in which plaintiff and Smith contended that they provided a written request for such coverage to DMIA, such testimony and affidavits raised no triable issue of fact whether that request was ever relayed to DeForest or to the MSA defendants. As a result, plaintiff failed to raise a triable issue of fact whether the MSA defendants breached any contractual obligation related to the insurance policies or breached their duty of good faith and fair dealing. In addition, inasmuch as there is no evidence in the record that any request for SSL coverage was relayed to DeForest, plaintiff failed to raise a triable issue of fact whether DeForest breached any obligation to obtain SSL coverage for Smith or was otherwise negligent in failing to procure such coverage for him.
Moreover, we conclude that DeForest and the MSA defendants established that plaintiff was not an intended third-party beneficiary to the policies with the requisite privity to seek to enforce those policies, and that plaintiff failed to raise a triable issue of fact in that respect (see generally Logan-Baldwin v L.S.M. Gen. Contrs., Inc., 94 AD3d 1466, 1467-1468 [4th Dept 2012]). " '[A]s a general rule, privity or its equivalent remains a predicate for imposing liability for nonperformance of contractual obligations . . . An obligation rooted in contract may [nevertheless] engender a duty owed to those not in privity when the contracting party knows that the subject matter of a contract is intended for the benefit of others . . . An intention to benefit a third party must be gleaned from the contract as a whole' " (id. at 1468). Inasmuch as there is no evidence that either the MSA defendants or DeForest were informed of any desire for SSL coverage, there is no evidence that they could have known that the commercial automobile policy was intended to benefit plaintiff. We thus conclude that those defendants' motions were properly granted insofar as they sought summary judgment dismissing the complaint against them.
We reach a different conclusion with respect to DMIA. Even assuming, arguendo, that DMIA established that Smith never requested SSL coverage and that DMIA therefore did not breach any obligation to Smith and was not negligent in failing to procure such coverage, we conclude that plaintiff raised triable issues of fact sufficient to defeat DMIA's motion.
In opposition to DMIA's motion, plaintiff submitted deposition testimony from herself and Smith, wherein they contended that a DMIA employee informed Smith of the availability of SSL coverage; that Smith informed that employee of Smith's desire to procure that coverage; that the employee provided Smith with an SSL form to be executed by plaintiff; that plaintiff executed that form; and that Smith returned that form to a different DMIA employee, who was no longer employed at DMIA. At no time, however, did plaintiff deal with or have any contact with any employee of DMIA. Plaintiff, who was not a party to the insurance policies, may nevertheless have viable causes of action against DMIA.
"An insurance agent ordinarily does not owe a duty of care to a nonclient; however, where an agent's negligence results in an insured being without coverage, the agent may be liable [*3]for damages sustained by an injured third party if the third party was the intended beneficiary of the insurance contract and 'the bond between [the agent and the third party is] so close as to be the functional equivalent of contractual privity' . . . The functional equivalent of privity may be found . . . where the defendants are aware that their representations are 'to be used for a particular purpose,' there was 'reliance by a known party or parties in furtherance of that purpose' and there is 'some conduct by the defendants linking them to the party or parties and evincing [the] defendant[s'] understanding of their reliance' " (Vestal v Pontillo, 183 AD3d 1146, 1150 [3d Dept 2020], lv denied 36 NY3d 907 [2021] [emphasis added], quoting Ossining Union Free School Dist. v Anderson LaRocca Anderson, 73 NY2d 417, 419, 425 [1989]; see Vestal v Pontillo, 158 AD3d 1036, 1039 [3d Dept 2018]; Merchants Ins. Co. of N.H., Inc. v Gage Agency, Inc., 21 AD3d 1332, 1334 [4th Dept 2005]).
"[A] third party may sue as a beneficiary on a contract made for [its] benefit. However, an intent to benefit the third party must be shown, and, absent such intent, the third party is merely an incidental beneficiary with no right to enforce the particular contracts" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 710 [2018] [internal quotation marks omitted]). Thus, "[p]arties asserting third-party beneficiary rights under a contract must establish (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [their] benefit and (3) that the benefit to [them] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [them] if the benefit is lost" (Matter of Coalition for Cobbs Hill v City of Rochester, 194 AD3d 1428, 1436 [4th Dept 2021] [internal quotation marks omitted]; see State of Cal. Pub. Employees' Retirement Sys. v Shearman & Sterling, 95 NY2d 427, 434-435 [2000]).
If plaintiff can establish that a request for SSL coverage was properly made, she would be considered an intended third-party beneficiary with the requisite level of privity. There is a valid insurance contract between Smith and the MSA defendants, procured through DMIA, and the provision of SSL coverage was arguably intended for plaintiff's benefit and served a particular purpose, i.e., to cover plaintiff and only plaintiff in the event Smith was liable for an accident involving the insured vehicle (cf. Henry v Guastella & Assoc., 113 AD2d 435, 438 [4th Dept 1985], lv denied 67 NY2d 605 [1986]; see generally Oathout v Johnson, 88 AD2d 1010, 1010 [3d Dept 1982]). Inasmuch as Smith and plaintiff submitted deposition testimony establishing that Smith requested SSL coverage in writing as required by Insurance Law former § 3420 (g) (1), we conclude that plaintiff has raised triable issues of fact whether DMIA breached its contractual obligations or was negligent in failing to procure the specific insurance coverage that would have inured to plaintiff's benefit. Although the veracity of Smith and plaintiff "is called into question by other evidence submitted by [defendants] on [their] motion[s]," we cannot conclude that "the testimony is incredible as a matter of law" (On the Water Prods., LLC v Glynos, 211 AD3d 1480, 1482 [4th Dept 2022]). The conflict in the evidence submitted by DMIA and plaintiff regarding whether Smith requested SSL coverage in writing " 'raises a question of credibility to be resolved at trial' " (id. at 1483; see Lewis v Carrols LLC, 158 AD3d 1055, 1057 [4th Dept 2018]), and it "is not the function of a court deciding a summary judgment motion to make credibility determinations or findings of fact" (Vega v Restani Constr. Corp., 18 NY3d 499, 505 [2012]; see Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]).
We therefore modify the order by denying DMIA's motion and reinstating the complaint against that defendant.
Entered: November 17, 2023
Ann Dillon Flynn
Clerk of the Court