McNeil v Gewirtz (2025 NY Slip Op 51068(U))

[*1]

McNeil v Gewirtz

2025 NY Slip Op 51068(U)

Decided on July 2, 2025

Supreme Court, Bronx County

Capella, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 2, 2025
Supreme Court, Bronx County

Ella McNeil, Plaintiff,

against
Andrew Gewirtz and UPTOWN HEALTHCARE MANAGEMENT, INC., d/b/a EAST TREMONT MEDICAL CENTER, Defendants.

Index No. 20178/19

Plaintiff's Attorney
Jennie Shatynski, Esq.
Asher & Assoc., PC
111 John Street
New York, NY 10038
(212)227-5000
Uptown's Attorney
Michael Sullivan, Esq.
Heidel, Pittoni, et al
99 Park Ave.
New York, NY 10016
(212)286-8585
Gewirtz's Attorney
Timothy Gallagher, Esq.
Shaub, Ahmuty, et al
200 Vesey St.
New York, NY 10281
(212)599-8200

Joseph E. Capella, J.

The following papers numbered 1 to 4 read on this motion dated June 28, 2024.
PAPERS NUMBERED
NOTICE OF MOTION & AFFIRMATION 1
ANSWERING AFFIRMATION 2 - 3
REPLY AFFIRMATION 4
UPON THE FOREGOING CITED PAPERS, THE DECISION/ORDER IN THIS MOTION IS AS FOLLOWS:
Motion by plaintiff for an order pursuant to CPLR 3025(c) to conform plaintiff's pleadings to the proof (i.e., expert opinion) adduced by her expert, Vivien Boniuk, M.D., is denied.[FN1]
What appears to have prompted the instant motion by plaintiff was an earlier objection raised by defendant, Uptown Healthcare Management, Inc. d/b/a East Tremont Medical Center (Uptown Healthcare), within the context of a summary judgment motion made by Uptown Healthcare. Specifically, Uptown Healthcare objected to certain departures raised in plaintiff's opposition papers because it believed that said departures were never alleged in the complaint and/or bill of particulars (Cabrera v Golden, 231 AD3d 149 [1st Dept 2024] [departures not alleged in the complaint or bill of particulars cannot be raised for the first time in a summary judgment motion]).
This action concerns the care and treatment plaintiff received after she presented to Uptown Healthcare from July 20, 2016, through February 16, 2017, for evaluation of her complaints of blurry vision and irritation to her eyes. On January 9, 2017, plaintiff underwent a cataract removal procedure on her right eye performed by Dr. Gewirtz. According to plaintiff's bill of particulars, Dr. Gewirtz failed to, inter alia, provide a properly sized and appropriate (emphasis added) lens, recommend conservative treatment, and overall departed from the standard of care in performing (emphasis added) the surgery. Plaintiff also alleged that Uptown Healthcare was vicariously liable for the actions of Dr. Gewirtz (Hill v St. Clare's Hosp., 67 NY2d 72 [1986] [medical facility liable for the malpractice of its employees]).
On March 13, 2024, this Court denied in part the summary judgment motion by Uptown Healthcare. In the decision, the Court found that Uptown Healthcare was vicariously liable for co-defendant, Dr. Gewirtz, and that sufficient issues of fact existed regarding the following four departures: (1) that Uptown Healthcare failed to properly supervise co-defendant, Dr. Andrew Gewirtz, by failing to assure proper documentation and informed consent, (2) Dr. Gewirtz performed unnecessary surgery that exacerbated plaintiff's mild glaucoma, and instead he should have conservatively treated plaintiff by changing the prescription of her glasses, (3) Dr. Gewirtz improperly performed the cataract procedure and (4) he failed to obtain proper informed consent. In explaining why she believed the procedure was improperly performed, plaintiff's expert noted an injury to plaintiff's pupil and the development of membrane on the retina, which she states are indicators that there were deficiencies in the performance of the procedure. As further proof of the alleged improper procedure, plaintiff's expert states that the lens was miscalculated and displaced inferiorly. Plaintiff's expert opined that Dr. Gewirtz failed to properly perform the calculations for the strength of plaintiff's lens, which resulted in the lens being too strong. And according to plaintiff's expert, this resulted in plaintiff's right eye being near sighted while her left eye was far sighted, causing plaintiff to experience a condition called Aniseikonia. Lastly, as for the other departures alleged in the complaint and bill of particulars, the March 23 decision dismissed all of them.
The Court rejected the argument made by Uptown Healthcare in its reply papers to the [*2]summary judgment motion that the aforementioned four departures should not be considered because they were not included in the complaint and/or bill of particulars. (Abalola v Flower, 44 AD3d 522 [1st Dept 2007].) In rejecting this argument, the Court noted that the bill of particulars included, inter alia, an allegation that defendants failed to provide an appropriate lens, recommend conservative treatment, and properly perform the surgery. And in viewing the evidence in a light most favorable to plaintiff, the Court was satisfied that these allegations were sufficient to encompass the aforementioned departures raised by plaintiff in opposition to the summary judgment motion [FN2]
(Boyer v Kamthan, 130 AD3d 1176 [3d Dept 2015] [evidence concerning a specific theory or injury not mentioned in the bill of particulars may nonetheless avoid exclusion where such proof necessarily flows from the information conveyed in the pleadings and where the defendants should have been aware of the basis thereof]).
Plaintiff's instant CPLR 3025(c) motion essentially seeks to include her expert's opinions regarding "exacerbation of glaucoma, Aniseikonia and pupillary injury"[FN3]
in the bill of particulars via a proposed "Supplemental Bill of Particulars." The request is confusing on two counts. First, there has already been a determination by this Court in its March 13 decision as to what departures are to be addressed at trial, including the underlying basis for plaintiff alleging these departures (Luscher v Arrua, 21 AD3d 1005 [2d Dept 2005] [summary judgment determination entitled to res judicata]), and a finding that these departures were sufficiently alleged in the bill of particulars. (Boyer, 130 AD3d 1176.) Hence, this Court's finding that the complaint and bill of particulars sufficiently described the departures alleged by plaintiff, and specifically delineated in this Court's March 13 decision, obviates any need by plaintiff to amend.
Setting the Court's prior determination aside, the second item of confusion is that plaintiff seeks to use CPLR 3025(c), which is commonly used to amend pleadings to conform to the proof before or after judgment, instead of CPLR 3025(b), which is commonly used via a notice of motion to amend pleadings at any time. Amending pleading is governed by CPLR 3025, which permits amendment (a) without leave of court within 20 days, (b) with leave of court at any time, and (c) to conform pleadings to the evidence. CPLR 3025(b) specifically provides that a party may amend its pleadings at any time by leave of the court, and the motion to amend shall be accompanied by a proposed amendment showing the changes or additions. On the other hand, CPLR 3025(c) provides that the Court may permit pleadings to be amended before or after judgment (emphasis added) to conform them to the evidence (emphasis added) upon such terms as may be just including the granting of a continuance. While CPLR 3025(b) refers to a motion to amend at any time, the time for a CPLR 3025(c) amendment is before or after judgment based on the evidence. In other words, CPLR 3025(c) is used at the trial stage of the litigation (Town of Lumberland v NYS Div of Human Rights, 229 AD2d 631 [3d Dept 1996] [complaint amended at outset of hearing where parties had adequate notice of added allegation]; Dittmar v AE Ottaviano, 20 NY2d 498 [1967] [plaintiff may amend its complaint either during or after the [*3]after trial to allege a Lien Law claim]; Loomis v Civetta, 54 NY2d 18 [1981] [plaintiff may increase the amount of relief requested in the complaint either before or after verdict]; Murray v City of New York, 43 NY2d 400 [1977] [no prejudice in allowing City to amend answer to include employer/employee defense once plaintiff rested]). And the "evidence" that CPLR 3025(c) is referring to is the evidence admitted at trial. Therefore, plaintiff's reliance upon CPLR 3025(c) for the relief requested is misplaced.
Based on the aforementioned, the instant motion by plaintiff is denied, and Uptown Healthcare is directed to serve a copy of this decision with notice of entry upon all sides within 15 days of receipt of copy of same. This constitutes the decision and order of this court.
Dated 7/2/25
Joseph E. Capella, J.S.C.

Footnotes

Footnote 1:The Notice of Motion erroneously refers to CPLR 3025 as a Section, when in fact it is Rule.

Footnote 2:Although not mentioned in the March 13 decision, the complaint did allege a failure to obtain informed consent. 

Footnote 3:These opinions were raised in plaintiff's opposition to Uptown Healthcare's summary judgment motion.